1   Christian W. Liedtke (SBN 297523)
2   cw.liedtke@acuminis.biz
    acuminis pc
3   3420 Bristol Street
    6th Floor
4   Costa Mesa, CA 92626
    Phone: (949) 330-7605
5   Facsimile: (949) 209-0430

6

7   Attorney for Plaintiff,
    California Brewing Company, Inc.

8

9

10                  UNITED STATES DISTRICT COURT

11                 EASTERN DISTRICT OF CALIFORNIA

12

13  California Brewing Company, a California      No. _____
    Corporation,
14
                    Plaintiff,
15
                                                 **COMPLAINT FOR FALSE DESIGNATION
16          v.                                   OF ORIGIN, FEDERAL TRADEMARK
                                                 INFRINGEMENT AND UNFAIR
17  3 Daughters Brewing, LLC, a Florida          COMPETITION, COMMON LAW
    Limited Liability Company; LMMML,            TRADEMARK INFRINGEMENT, COMMON
18  LLC, a Florida Liability Company,            LAW UNFAIR COMPETITION, STATE
                                                 UNFAIR AND DECEPTIVE TRADE
19                  Defendants.                  PRACTICES, VIOLATION OF CALIFORNIA
                                                 BUSINESS & PROFESSIONS CODE § 17500
20                                               *et. seq.*, UNJUST ENRICHMENT**

21                                               **JURY TRIAL DEMANDED**

22

23

24          Plaintiff California Brewing Company ("Plaintiff" or "California Brewing Company") by

25  and through its undersigned attorneys, for its Complaint, hereby states and alleges against

26  Defendants 3 Daughters Brewing, LLC and LMMML, LLC ("Defendants") as follows:

27

28
                                        1
                                                                          COMPLAINT

## NATURE OF THE CASE

1.     California Brewing Company's claims arise from Defendants' willful and blatant infringement of California Brewing Company's federally registered BEACH BLONDE ALE mark, which it uses to brand its family recipe based beer that is hand-crafted in Northern California. Defendants' unlawful acts are overt, opportunistic and willful attempts to cash in on and usurp the goodwill and value of California Brewing Company's BEACH BLONDE ALE mark.

2.     For more than half a decade, California Brewing Company has, with consistent and earnest effort, marketed and publicized its award winning BEACH BLONDE ALE mark. California Brewing Company's BEACH BLONDE ALE beer is much loved by loyal fans for being a true craft brew of superior craftsmanship and highest quality.

3.     Despite being well aware of California Brewing Company's BEACH BLONDE ALE mark, because the United States Patent and Trademark Office ("USPTO") rejected Defendant 3 Daughters Brewing, LLC's trademark application based on California Brewing Company's prior rights, Defendants use the BEACH BLONDE ALE mark on the very same types of products. Notably, Defendants have historically not used the infringing mark and never approached California Brewing Company for a license to use the BEACH BLONDE ALE mark or any of California Brewing Company's other intellectual property rights. In fact, Defendants never sought permission from California Brewing Company at all.

4.     California Brewing Company hoped to resolve this matter amicably, without resorting to this Court. Yet, while Defendants continue to infringe California Brewing Company's mark, Defendant 3 Daughters Brewing, LLC filed an anticipatory petition to cancel California Brewing Company's valid trademark registration before the T.T.A.B. Defendant's petition is baseless and leaves California Brewing Company with no other choice but to resort to this Court to enforce its valuable rights in the BEACH BLONDE ALE mark.

5.     Defendants' use of the identical mark on the identical type of goods is likely to deceive consumers into believing that Defendants' products come from the same source and are of the same quality as those of California Brewing Company, when they are not. California

COMPLAINT

Brewing Company's BEACH BLONDE ALE beer is crafted by hand. Conversely, Defendants' infringing products are manufactured industrially and distributed in metal cans, a production method that is frowned upon in the craft brew industry. Although Defendants manufacture beer industrially, i.e. on a macro- rather than a micro-brewery scale, Defendants presents themselves as a craft brewing company similar to California Brewing Company. Defendants' deceptive and infringing conduct further threatens the valuable goodwill California Brewing Company developed in its BEACH BLONDE ALE mark by depriving California Brewing Company of its right to control the reputation of products bearing its mark.

6. Defendants' inequitable conduct has and continues to cause confusion to the public and injury to California Brewing Company. California Brewing Company cannot stand by as Defendants willfully violates its BEACH BLONDE ALE mark. Defendants' campaign of illegal practices will continue unless and until this Court ends it. Therefore, California Brewing Company seeks (a) injunctive relief to stop Defendants' deceptive and infringing activity and (b) monetary relief to divest Defendants of its appropriated sales and compensate California Brewing Company for the harm suffered as a result of Defendants' actions.

**JURISDICTION**

7. This is an action for: (a) false designation of origin and unfair competition arising under 15 U.S.C. § 1125(a); (b) trademark infringement arising under 15 U.S.C. § 1114; (c) unfair competition arising under state law including the California Business & Professions Code § 17200 *et seq.*; (d) trademark infringement arising under the common law of the State of California; (e) common law unfair competition; (f) violation of California Business & Professions Code § 17500; and (g) unjust enrichment.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338 (a) and (b) (a state law claim of unfair competition joined with a substantial and related claim under federal trademark laws), 28 U.S.C. § 1367 (supplemental jurisdiction because California Brewing Company's state law claims are substantially related to California Brewing Company's federal claims), and the doctrines of

COMPLAINT

ancillary and pendant jurisdiction. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 since California Brewing Company and Defendants are citizens of different states and the matter in controversy exceeds $ 75,000.00 exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendants because on information and belief, Defendants have had, and continues to have, regular and systematic contacts with the State of California and this judicial district. On information and belief, Defendants have conducted, and continue to conduct, business within the State of California and within this judicial district. Furthermore, Defendants have committed acts of trademark infringement, false designation of origin, federal and state unfair competition, and violations of California Business & Professions Code § 17500 giving rise to this action in the State of California and within this judicial district. On information and belief, Defendants have, and continue to, advertise, promote, offer for sale, and sell beer bearing California Brewing Company's BEACH BLONDE ALE mark in the State of California and within this judicial district. Moreover, Defendants knew and know that their infringement would harm California Brewing Company, which Defendants know is headquartered in California.

10. This Court also has personal jurisdiction over Defendants based on Cal. Civ. Proc. Code § 410.10. On information and belief, Defendants have (a) continuously and systematically solicited business in the State of California and within this judicial district; (b) have transacted and done substantial business in the State of California and within this judicial district; (c) have wrongfully and willfully caused injury to California Brewing Company in the State of California and within this judicial district, and said injury was reasonably foreseeable.

**VENUE**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, on information and belief, Defendants conduct substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering products for sale, and/or by conducting other business, in this judicial district. Additionally, Defendants' infringing products are distributed in cans embossed with the words "CA CASH REFUND" in compliance with

4

COMPLAINT

California Beverage Container Recycling and Litter Reduction Act § 14561 (a), further

illustrating the fact that Defendants purposefully avail themselves to the State of California.

Moreover, California Brewing Company is headquartered and has its principal place of business

in this judicial district, sells competing products in this judicial district, and has been harmed by

Defendants' conduct in this judicial district.

**THE PARTIES**

11.     Plaintiff California Brewing Company is a California corporation having its

principal place of business at 5310 Doberman Lane, Anderson, California, 96007. California

Brewing Company is, and at all relevant times was, engaged in the business of, amongst others,

creating, manufacturing, distributing and marketing hand made craft beer of the highest quality.

California Brewing Company's products are manufactured, marketed and sold throughout this

judicial district. The injuries described herein have occurred and will continue to occur within this

judicial district.

12.     On information and belief, Defendant 3 Daughters Brewing, LLC, is a limited

liability company incorporated under the laws of Florida, with its principal place of business at

222 22nd St. S, Building #1, St. Petersburg, FL 33712. On information and belief, Defendant

industrially manufactures, markets, and sells beer throughout the United States, in the State of

California and within this judicial district. On information and belief Defendant's products are

sold through retail stores and online via various websites including www.luekensliquors.com.

13.     On information and belief, Defendant LMMML, LLC, is a limited liability

company incorporated under the laws of Florida, with its principal place of business at 222 22nd

St. S, Building #1, St. Petersburg, FL 33712. On information and belief, Defendant LMMML,

LLC shares its principal place of business with Defendant 3 Daughters Brewing, LLC. The

registered agent and CEO of Defendant LMMML, LLC is Michael R. Harting who, on

information and belief, is also the owner/operator of Defendant 3 Daughters Brewing, LLC.

Defendant LMMML, LLC is listed as the only "authorized person" for 3 Daughters Brewing,

LLC in the Florida Department of State Division of Corporations database. (*See* Exhibit 1) On

information and belief Defendant LMMML, LLC through its CEO Michael R. Harting, controls

5

all operations of Defendant 3 Daughters Brewing, LLC.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

**I.      California Brewing Company's "BEACH BLONDE ALE" Mark**

14.      In 2007 California Brewing Company CEO Jack Goschke and his former business partner Jay Webster created a recipe for a very pale, American ale style beer with a medium hop bouquet, mild head, delicate body, soft palette and fruity finish. Also in 2007, California Brewing Company conceived of the BEACH BLONDE ALE mark to identify and distinguish what would become its best-known beer brand.

15.      Shortly after the conception of its BEACH BLONDE ALE mark, California Brewing Company applied for a respective trademark registration to protect its rights. Specifically, on December 23rd, 2007, California Brewing Company filed application Serial No. 77/358,888 to register its BEACH BLONDE ALE mark with the USPTO.

16.      On September 4th, 2008, California Brewing Company's BEACH BLONDE ALE trademark application was published for opposition. No entity or person, including Defendants, opposed California Brewing Company's application.

17.      On October 7th, 2008, in recognition of the distinctiveness of the BEACH BLONDE ALE mark, the USPTO issued Registration No. 3,514,464 (the "'464 Registration") in International Class 32 for "beer, ale and lager". A copy of the '464 Registration is attached as Exhibit 2.

18.      For more than half a decade, California Brewing Company has devoted extensive time and effort to building and promoting its BEACH BLONDE ALE brand and has continuously used its BEACH BLONDE ALE mark in connection with beer, ale and lager. Moreover, California Brewing Company has, and continues to, actively distribute promotional and point of sale materials, product samplings, apparel, and merchandise bearing its BEACH BLONDE ALE mark. This includes, but is not limited to activities involving trade shows, beer festivals, other live events, its Brew House located in Palo Cedro, California and sponsoring various charitable events.

19.      Shown below are true and accurate representative pictures illustrating just a few of

6

COMPLAINT

these displays of the BEACH BLONDE ALE mark:



///
///
///

COMPLAINT





COMPLAINT



20.     The California Brewing Company marketing, with the BEACH BLONDE ALE mark at its heart, also received a Silver Summit Award. The Summit Awards is one of the premier competitions in the creative industry and regularly attracts thousands of submissions. The image shown below is a true and accurate representation of the award received and the design for which it was awarded:



21.     The '464 registration constitutes *prima facie* evidence of California Brewing Company's exclusive right to use and ownership of the BEACH BLONDE ALE mark in connection with the goods identified in the registration.

**II.     Defendants' Wrongful Acts**

22.     On information and belief Defendants have industrially manufactured, distributed and sold beer since 2013 or 2014.

23.     On information and belief, Defendants operate a commercial manufacturing site of 18,000 square foot with capabilities to produce more than 180,000 cans of beer per month. (*See* Exhibit 3)

24.     Apparently unable to conceive of a mark as innovative as California Brewing Company's award winning BEACH BLONDE ALE mark, Defendants decided to compete unfairly against California Brewing Company by engaging in the unlawful, deceptive, and inequitable activities described herein, to profit from the goodwill and recognition associated with the BEACH BLONDE ALE mark.

25.     On information and belief, in flagrant disregard of California Brewing Company's trademark rights, Defendants began selling beer bearing the infringing mark in the U.S. in 2014 flanked by a marketing campaign promoting their infringing beer.

26.     In fact, Defendants promote their infringing beer in such an extensive way that it has begun to or is about to saturate the market with publicity for their products bearing California Brewing Company's BEACH BLONDE ALE mark. This is likely to cause purchasers of California Brewing Company's BEACH BLONDE ALE beer to believe that it originates from or is affiliated with Defendants.

27.     On information and belief, Defendants' infringing beer is sold nationwide through online retailers such as www.luekensliquors.com, through tasting rooms, as well as in brick and mortar retail stores including, amongst others, Total Wine and More. Shown below are examples concerning the availability of Defendants' infringing beer. (*see also* Exhibit 4)

///

///

COMPLAINT



28.    Defendants' infringing beer products, which are not licensed by or in any way affiliated with California Brewing Company, are thus sold and marketed in the same channels as California Brewing Company's originals.

29.    An example of Defendants' infringing products is shown below:

COMPLAINT



30. Defendants' U.S. based website, www.3dbrewing.com, also demonstrates Defendants' infringing and unfair use of the BEACH BLONDE ALE mark (*see also* Exhibit 5):



///

///

COMPLAINT



31. The listed registrant of the domain www.3dbrewing.com is Mike Harting with his registrant address at 5123 Queen Palm Terrace. (*See* Exhibit 6) On information and belief Mr. Harting is the owner/ operator of Defendant 3 Daughters Brewing LLC and the CEO of LMMML, LLC. On information and belief, the registrant address listed in connection with the www.3dbrewing.com domain is Mr. Harting's personal residence. (*See* Exhibit 7).

32. Defendants' products and website prominently display an identical copy of California Brewing Company's BEACH BLONDE ALE mark. Potentially unknown to consumers, Defendants' infringing beer is however of inferior quality to California Brewing Company's BEACH BLONDE ALE beer because it is manufactured industrially and canned when California Brewing Company's beer is a true micro brew crafted by hand.

33. Defendants' use of a mark identical to the one owned by California Brewing Company, a known competitor, on products identical to those of California Brewing Company, marketed and sold in the same and similar channels, is likely to cause consumers to be confused as to whether California Brewing Company is the source or sponsor of, or is otherwise affiliated with Defendants or Defendants' products.

COMPLAINT

34. On information and belief, Defendants' unauthorized use of California Brewing Company's BEACH BLONDE ALE mark is an attempt to falsely associate Defendants' beer and related products with California Brewing Company or to otherwise trade upon California Brewing Company's valuable reputation and good will in its BEACH BLONDE ALE mark.

35. California Brewing Company is informed and believes, and on that basis alleges, that Defendants' use of California Brewing Company's BEACH BLONDE ALE mark is designed and intended to cause consumer confusion, mistake or deception as to the source of Defendants' products.

36. California Brewing Company is informed and believes, and on that basis alleges, that it is Defendants' intention to cause consumers including prospective customers to believe that Defendants' beer and related products are associated with California Brewing Company or its BEACH BLONDE ALE mark.

37. At no point in time has California Brewing Company ever given Defendants a license, permission or authority to use and/or display California Brewing Company's BEACH BLONDE ALE mark in connection with any of Defendants' products.

38. Without permission or consent from California Brewing Company, Defendants have infringed California Brewing Company's BEACH BLONDE ALE mark in commerce by manufacturing, using, promoting, advertising, selling, and/or offering for sale beer and related goods unlawfully bearing marks identical to California Brewing Company's BEACH BLONDE ALE mark.

39. Prior to using the infringing and identical copy of California Brewing Company's mark, Defendants were well aware of California Brewing Company and its ownership interest and prior rights in the BEACH BLONDE ALE mark. Namely, on May 17, 2013 Defendant 3 Daughters Brewing, LLC filed an application with the USPTO to register the word mark BEACH BLONDE ALE. California Brewing Company obtained its '464 registration for the exact same mark and for the exact same goods and services as early as October 7, 2008. Accordingly, the USPTO issued an Office Action on September 5, 2013 rejecting Defendant's application based on California Brewing Company's existing registration for this mark. Recognizing California

COMPLAINT

Brewing Company's better rights in this mark, Defendant abandoned its application. (*See* Exhibit 8) This also confirms that Defendants are fully familiar with the procedures to secure and protect trademark rights.

40. On information and belief, Defendants, fueled by their superior financial position and barefaced ability to outmuscle California Brewing Company, saw an opportunity to trade off the good will California Brewing Company created in its BEACH BLONDE ALE mark and to extort a substantial payment from California Brewing Company as a result of asserting rights to the BEACH BLONDE ALE mark.

41. Furthermore, more than a year after the USPTO rejected Defendants' application, and without warning, Defendants filed a cancellation action regarding California Brewing Company's BEACH BLONDE ALE registration before the Trademark Trial and Appeal Board while continuing to infringe California Brewing Company's valuable trademark. This was an anticipatory filing, meant to deprive California Brewing Company, who is the true Plaintiff and injured party in this dispute, of its choice of forum.

**III.     Injury to California Brewing Company**

42. Because California Brewing Company has no control over the quality of Defendants' infringing beer, or the marketing campaign that promotes Defendants' infringing beer, Defendants' infringing use of the BEACH BLONDE ALE mark results in California Brewing Company's loss of control of its business reputation and good will.

43. Additionally, as discussed above, Defendants' substantial marketing campaign has begun to or is about to saturate the market with Defendants' infringing mark, making it likely that customers who purchase California Brewing Company BEACH BLONDE ALE beer mistakenly believe that they are dealing with Defendants or an entity affiliated with or sponsored by Defendants.

44. Defendants' unauthorized use of California Brewing Company's BEACH BLONDE ALE mark has and will continue to have adverse effects on the value and distinctive quality of the BEACH BLONDE ALE mark including, but not limited to, the mark's identity-evoking quality by lessening its capacity to identify and distinguish California Brewing Company

as the exclusive source of BEACH BLONDE ALE marked beer.

45. Since California Brewing Company owns all rights in the BEACH BLONDE ALE mark, Defendants' use of the mark is illegal, flagrant, and unabashed. As explained above, Defendants were well aware of California Brewing Company and its vested rights in the BEACH BLONDE ALE mark at all times. Hence, Defendants' use of the BEACH BLONDE ALE mark is in bad faith and evidences their intent to deceive and mislead consumers into believing that Defendants' beer is sponsored, licensed, authorized by, connected, affiliated, or otherwise associated with California Brewing Company and its BEACH BLONDE ALE mark.

46. California Brewing Company has sustained and will continue to sustain damages as a result of Defendants' wrongful acts.

47. On information and belief, unless enjoined by this Court, Defendants intend to continue to infringe California Brewing Company's BEACH BLONDE ALE mark and otherwise profit from the good will attributable to the mark. California Brewing Company has no adequate remedy at law to redress all of the injuries Defendants has caused and intends to cause. Hence, California Brewing Company will continue to suffer irreparable injury, harm, and damage and sustain lost profits as a direct and proximate result of Defendants' wrongful acts alleged above, unless and until Defendants' actions alleged herein are enjoined by this Court.

48. Furthermore, as discussed above, Defendants receive substantial revenue in connection with their manufacture, marketing, distribution, and sale of their infringing beer. On information and belief, Defendants' willful infringement of California Brewing Company's BEACH BLONDE ALE mark diverts sales from California Brewing Company to Defendants and thereby robs California Brewing Company of revenue and profit that would rightfully be its own. Therefore, California Brewing Company is entitled to damages in an amount to be determined at trial.

## CAUSES OF ACTION

## COUNT I

### [False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))]

49. California Brewing Company repeats and realleges each and every allegation in

16

paragraphs 1-48 of this Complaint as though fully set forth herein.

50. Defendants make, distribute, use, import, offer to sell, and sell in the U.S. beer with branding that directly infringes California Brewing Company's BEACH BLONDE ALE mark in violation of 15 U.S.C. § 1125(a).

51. The use of the California Brewing Company BEACH BLONDE ALE mark by Defendants constitutes a false indication of origin, affiliation and/or sponsorship, and a false description or representation that wrongfully and falsely designates Defendants' products as originating from California Brewing Company, and being associated, affiliated or connected with, approved or sponsored by California Brewing Company. Furthermore, as Defendants continue their substantial marketing campaign, the relevant public is likely to erroneously believe that California Brewing Company's use of its BEACH BLONDE ALE mark originates from, or is associated, affiliated or connected with, or approved or sponsored by Defendants.

52. As a direct and proximate result of Defendants' wrongful acts, California Brewing Company has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation, and goodwill. Defendants will continue to use, unless restrained, California Brewing Company's registered BEACH BLONDE ALE mark or other marks confusingly similar to or colorable imitations of California Brewing Company's mark and will cause irreparable damage to California Brewing Company. California Brewing Company has no adequate remedy at law and is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of false designation of origin, affiliation or sponsorship. California Brewing Company is entitled to said injunctive relief based on 15 U.S.C. §1116.

53. Furthermore, California Brewing Company is entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts. California Brewing Company is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of false designation of origin, affiliation or endorsement.

54. California Brewing Company is also entitled to recover from Defendants the gains,

COMPLAINT

profits, and advantages that Defendants have obtained as a result of their wrongful acts as well as business opportunities received from Defendants' wrongful acts. California Brewing Company is presently unable to ascertain the extent of the gains, profits, and advantages as well as business opportunities Defendants have realized by reason of their acts of false designation of origin, affiliation or endorsement.

55.     Since Defendants' use of the BEACH BLONDE ALE mark has been and continues to be intentional, deliberate, willful, and in bad faith, California Brewing Company is entitled to damages pursuant to 15 U.S.C. §1117, including, but not limited to, the costs of this action as well as reasonable attorney's fees and costs.

## COUNT II

### [Trademark Infringement (15 U.S.C. § 1114)]

56.     California Brewing Company repeats and realleges each and every allegation in paragraphs 1-48 of this Complaint as though fully set forth herein.

57.     California Brewing Company owns valid and enforceable registered trademark rights (No. 3,514,464) for its BEACH BLONDE ALE mark.

58.     Without permission or consent of California Brewing Company, Defendants have used and continue to use in commerce reproductions, copies or colorable imitations of California Brewing Company's BEACH BLONDE ALE mark in connection with the manufacturing, distributing, selling, offering for sale, advertising, and/or promoting of Defendants' goods and services.

59.     Without permission of California Brewing Company, Defendants are reproducing, copying, or colorably imitating California Brewing Company's BEACH BLONDE ALE mark and apply such reproductions, copies, and colorable imitations to merchandise, labels, signs, packages, receptacles or advertisements intended to be used in commerce upon or in connection with the distributing, selling, offering for sale, advertising and/or promoting of goods and services on or in connection with which such use has already caused confusion or mistake, and is likely to continue to cause confusion, or to cause mistake, or to deceive.

60.     California Brewing Company is informed and believes, and alleges on that basis,

18

that the activities of Defendants complained of herein constitute willful and intentional

infringements of California Brewing Company's BEACH BLONDE ALE mark, and that

Defendants did so with the intent to unfairly compete against California Brewing Company, to

trade upon California Brewing Company's reputation and goodwill by causing confusion and

mistake among customers and the public, and to deceive the public into believing that

Defendants' goods and services are associated with, sponsored by, originate from, or are

approved by California Brewing Company, when in reality and truth and fact they are not.

61.     California Brewing Company is informed and believes, and on that basis alleges,

that Defendants had actual knowledge of California Brewing Company's ownership and prior use

of its BEACH BLONDE ALE mark, and without the consent of California Brewing Company,

has willfully violated 15 U.S.C. § 1114. For example, as stated above, Defendant 3 Daughters

Brewing, LLC filed a trademark application for a mark identical to Plaintiff's valuable BEACH

BLONDE ALE mark for the same goods and services, prior to commencing its infringing use.

That application, however, was rejected by the USPTO based on Plaintiff's pre-existing valuable

registration for this mark. *See* Exhibit 8. Yet, in spite of the warning from the USPTO, and with

full knowledge of Plaintiff's pre-existing rights, Defendants began to use, use, and will continue

to use Plaintiff's BEACH BLONDE ALE mark.

62.     The aforesaid acts of the Defendants have been intentional, deliberate, willful, and

in bad faith.

63.     Defendants' aforesaid acts have caused, are causing, and will continue to cause,

great and irreparable injury to California Brewing Company and unless enjoined by this Court,

said irreparable injury will continue. Therefore, California Brewing Company is entitled to

injunctive relief pursuant to 15 U.S.C. § 1116, damages pursuant 15 U.S.C. § 1117(a), including

Defendants' profits, and/or California Brewing Companies actual damages and/or the cost of this

action. California Brewing Company is further entitled to reasonable attorneys' fees and costs

because of Defendants' conduct.

## COUNT III

**[Trademark Infringement Under the Common Law of the State of California]**

19

1    64.  California Brewing Company repeats and realleges each and every allegation in

2 paragraphs 1-48 of this Complaint as though fully set forth herein.

3    65.  As shown above, California Brewing Company has a protectable interest in the

4 BEACH BLONDE ALE mark.

5    66.  Defendants' use of the BEACH BLONDE ALE mark is likely to cause consumer

6 confusion as to whether Defendants' products originate from California Brewing Company, or are

7 associated, affiliated or connected with or approved or sponsored by California Brewing

8 Company.

9    67.  The aforesaid acts of Defendants have caused, and are causing, great monetary

10 harm to California Brewing Company. California Brewing Company is entitled to recover from

11 Defendants the actual damages that it sustained and/or is likely to sustain as a result of

12 Defendants' wrongful acts. California Brewing Company is presently unable to ascertain the full

13 extent of the monetary damages that it has suffered and/or is likely to sustain by reason of

14 Defendants' acts of trademark infringement.

15    68.  Defendants' willful acts of trademark infringement and unfair competition under

16 California common-law constitute fraud, oppression and malice. Accordingly, California Brewing

17 Company is entitled to exemplary damages.

18    69.  Furthermore, as a direct and proximate result of Defendants' wrongful acts,

19 California Brewing Company has suffered and continues to suffer and/or is likely to suffer

20 damage to its business reputation and goodwill. Defendants will continue to use, unless restrained

21 by this Court, California Brewing Company's valuable BEACH BLONDE ALE or other marks

22 confusingly similar to the California Brewing Company Mark and will cause irreparable damage

23 to California Brewing Company. Plaintiff has no adequate remedy at law and is entitled to an

24 injunction restraining Defendants, their officers, agents, and employees, and all persons acting in

25 concert with Defendants, from engaging in further uses of the California Brewing Company

26 BEACH BLONDE ALE mark or any confusingly similar variations thereof.

27 ///

28 ///

COMPLAINT

**COUNT IV**

**[State Unfair Competition and State Unfair and Deceptive Trade Practices]**

70.     California Brewing Company repeats and realleges each and every allegation in paragraphs 1-48 of this Complaint as though fully set forth herein.

71.     Defendants has been, and is, engaged in unlawful, unfair and/or fraudulent business practices in violation of §17200 *et seq.* of the California Business & Professional Code. Amongst others, Defendants have been and are passing off their goods as those of California Brewing Company, causing a likelihood of confusion or the likelihood of misunderstanding as to the source, sponsorship, or approval of Defendants' beer and/or as to Defendants' affiliation, connection, or association with California Brewing Company, and/or otherwise damaging the public.

72.     Defendants' actions, as complained of herein, have been and will continue to be willful and intentional. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or in violation of the statute or common law of all US states, including but not limited to: laws of California, California Business & Professions Code §17200 *et seq.*; New York, N. Y. GEN. BUS. L. §349; South Carolina, S. C. CODE ANN. §§39-5-10 to 39-5-560; and Utah, UTAH CODE ANN. §13-5-1, *et seq.*; and the unfair and deceptive trade practices statutes and common law of other states, including but not limited to: Illinois, 815 ILL. COMP. ANN. 510/1 to 510/7; Maine, ME. Rev. Stat. TIT. 10, §§ 1211-1216; Minnesota, Minn. Stat. Ann. §§ 325D.43-325D.48; and Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04.

73.     Defendants' unauthorized use of the BEACH BLONDE ALE mark has caused and is likely to continue to cause substantial and irreparable injury to the public and to California Brewing Company and California Brewing Company is entitled to recover damages, punitive damages, costs, and reasonable attorneys fees. California Brewing Company has not only lost sales but has suffered damage to its goodwill and reputation in the marketplace that money cannot compensate. Such irreparable injury will continue unless Defendants are enjoined by this Court from further committing unfair and unlawful business practices against California Brewing Company.

## COUNT V

### [Unfair Competition Under the Common Law of the State of California]

74.     California Brewing Company repeats and realleges each and every allegation in paragraphs 1-48 of this Complaint as though fully set forth herein.

75.     By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the purchasing public in this judicial district and elsewhere, thereby unfairly competing with California Brewing Company in violation of the common law of the state of California.

76.     By its actions, Defendants have injured and violated the rights of California Brewing Company in an amount to be determined at trial.

77.     By its actions, Defendants have irreparably injured California Brewing Company. Such irreparable injury will continue unless Defendants are enjoined by this Court from further violation of California Brewing Company's rights, for which California Brewing Company has no adequate remedy at law.

## COUNT VI

### [Violation of California Business & Professions Code § 17500]

78.     California Brewing Company repeats and realleges each and every allegation in paragraphs 1-48 of this Complaint as though fully set forth herein.

79.     Defendants' acts, as alleged herein, constitute false or misleading statements under California Business & Professions Code § 17500 *et seq.*

80.     Defendants' false or misleading statements were and continue to be willful and intentional, as is evidenced, among others, by the fact that Defendants started to tout Plaintiff's valuable BEACH BLONDE ALE mark as their own even though Defendant 3 Daughters Brewing, LLC had been refused registration of the same mark by the USPTO in the light of Plaintiff's existing registration. *See* Exhibit 8.

81.     Defendants' false or misleading statements will continue unless enjoined by this Court. California Brewing Company has suffered and continues to suffer irreparable injury, for which it has no remedy at law as a result of Defendants' false or misleading statements.

COMPLAINT

82.     Defendants' false or misleading statements have caused and are likely to cause substantial injury to California Brewing Company, and California Brewing Company is entitled to disgorgement of Defendants' profits and injunctive relief.

## COUNT VII

### [Unjust Enrichment]

83.     California Brewing Company repeats and realleges each and every allegation in paragraphs 1-48 of this Complaint as though fully set forth herein.

84.     As a result of Defendants' conduct, Defendants have been unjustly enriched at the expense of California Brewing Company and the law thereby implies a contract by which Defendants must pay to California Brewing Company the amount by which, in equity and good conscience, the Defendants have been unjustly enriched at the expense of California Brewing Company.

## PRAYER FOR RELIEF

WHEREFORE, California Brewing Company prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1.     That the Court render a final judgment in favor of California Brewing Company and against Defendants on all claims for relief herein;

2.     That the Court render a final judgment declaring Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1114 by infringing California Brewing Company's trademark rights in its federally registered "BEACH BLONDE ALE" mark;

3.     That the Court render a final judgment declaring that Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1125(a) by using a false designation of origin through the marketing, sale and promotion of Defendants' products and related services;

4.     That the Court render a final judgment declaring that Defendants have violated the provisions of California Business & Professions Code § 17200 *et seq.* and the respective laws of other states by unfairly competing with California Brewing Company;

23

5.	That the Court render a final judgment declaring that Defendants have violated the provisions of California Business & Professions Code § 17500 *et seq.* by engaging in unlawful, unfair, and fraudulent business practices;

6.	That the Court render a final judgment declaring that Defendants have violated California Common Law by infringing California Brewing Company's trademark rights in its federally registered "BEACH BLONDE ALE" mark;

7.	That the Court render a final judgment declaring that Defendants have violated California common law by unfairly competing with California Brewing Company;

8.	That Defendants, their officers, principals, agents, servants, employees, attorneys, successors, and assigns and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be enjoined permanently, from:

a.	using California Brewing Company's BEACH BLONDE ALE mark in connection with Defendants' goods and services, in advertising, promoting, selling or offering to sell Defendants' goods and services, and/or using confusingly similar variations of California Brewing Company's BEACH BLONDE ALE mark or colorable imitations thereof in any manner that is likely to create the impression that Defendants' goods and services originate from California Brewing Company, are endorsed by California Brewing Company, or are connected in any way with California Brewing Company;

b.	copying, reproducing, distributing, displaying, and/or importing, manufacturing, or producing any products bearing copies, confusingly similar or colorable imitations of California Brewing Company's BEACH BLONDE ALE mark;

c.	passing off, palming off, or assisting in passing off or palming off Defendants' goods and services as those of California Brewing Company or otherwise unfairly competing with California Brewing Company in any manner whatsoever;

d.	falsely designating the origin of Defendants' goods or services;

e.	causing a likelihood of confusion or injury to California Brewing

COMPLAINT

1     Company's business reputation;

2         f.     and otherwise infringing the BEACH BLONDE ALE mark.

3     9.     That Defendants be ordered to deliver up for impoundment and for destruction all

4 infringing materials in its possession, including, but not limited to, all bottles, cans, kegs,

5 containers, bags, labels, tags, signs, packaging, tab handles, receptacles, advertising, promotional

6 material, stationary or other materials, whether electronic or otherwise, in their possession,

7 custody, or control that are found to adopt, infringe, or otherwise unfairly compete with

8 California Brewing Company and its products, pursuant to 15 U.S.C. § 1125 and all other state

9 and federal law.

10     10.     That Defendants be ordered to recall all products sold in the U.S. bearing the

11 "BEACH BLONDE ALE" mark or any confusingly similar variation thereof, which have been

12 shipped by Defendants or under its authority, to any customer in the U.S., including, but not

13 limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each

14 customer a copy of this Court's order as it relates to said injunctive relief against Defendants.

15     11.     That Defendants be directed to file with this Court and serve on California

16 Brewing Company within thirty (30) days after the service of the injunction, a report, in writing,

17 under oath, setting forth in detail the manner and form in which Defendants have complied with

18 the injunction pursuant to 15 U.S.C. § 1116;

19     12.     That Defendants be compelled to render a full and complete accounting to

20 California Brewing Company for any and all profits, gains, and advantages derived by

21 Defendants from the sale or distribution of infringing goods in the U.S. as described in this

22 Complaint and the advantages or business opportunities received from the foregoing acts of

23 infringement;

24     13.     That Defendants be compelled to account for and turn over to California Brewing

25 Company all gains, profits, and advantages derived by Defendants for making false or misleading

26 statements and engaging in acts of unfair competition in violation of California Business &

27 Professions Code §§ 17200 and 17500, as well as such gains, profits, and advantages available

28 under federal, state, and common law;

COMPLAINT

14.     That the Court enter judgment for California Brewing Company against Defendants for all damages suffered by California Brewing Company caused by the acts forming the basis of this Complaint and for any profits or gain by Defendants attributable to infringement of California Brewing Company's intellectual property in amounts to be determined at trial;

15.     That Defendants' actions be deemed willful;

16.     That the amount of damages be increased three times and the award of Defendants' profits be enhanced and increased as many times as the Court deems appropriate pursuant to 15 U.S.C. § 1117;

17.     That the Court enter judgment for California Brewing Company against Defendants for punitive damages, in amounts to be determined at trial, based on Defendants' willful and deliberate infringement of the BEACH BLONDE ALE mark and to deter such conduct in the future;

18.     That Defendants be required to pay to California Brewing Company the costs and disbursements, including reasonable attorneys' fees, that California Brewing Company has and will incur in this action pursuant to, among others, 15 U.S.C. §1117(a) *et seq.* and the state statutes cited in this Complaint;

19.     Award California Brewing Company pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

20.     Grant such other, further and different relief as the Court deems just and proper.

Dated: November 2, 2015                    Respectfully submitted,

                                           acuminis pc


_____

26

COMPLAINT

Christian W. Liedtke
cw.liedtke@acuminis.biz

Attorney for Plaintiff California Brewing Company

27

# JURY TRIAL DEMAND

California Brewing Company respectfully demands a trial by jury on all claims and issues so triable.

Dated: November 2, 2015

Respectfully submitted,

acuminis pc

Christian W. Liedtke
cw.liedtke@acuminis.biz

Attorney for Plaintiff California Brewing Company

COMPLAINT

# EXHIBIT 1



# Detail by Entity Name

**Florida Limited Liability Company**

3 DAUGHTERS BREWING, LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L12000143754 |
| **FEI/EIN Number** | 46-1512167 |
| **Date Filed** | 11/13/2012 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | LC AMENDMENT |
| **Event Date Filed** | 03/26/2014 |
| **Event Effective Date** | NONE |

**Principal Address**

222 22nd St. S
Building #1
St. Petersburg, FL 33712

Changed: 01/13/2014

**Mailing Address**

222 22nd St. S
Building #1
St. Petersburg, FL 33712

Changed: 01/13/2014

**Registered Agent Name & Address**

HARTING, MICHAEL
222 22nd St. S
Building #1
ST PETERSBURG, FL 33712

Address Changed: 01/13/2014

**Authorized Person(s) Detail**

## Name & Address

Title MGR

LMMML, LLC
222 22ND STREET SOUTH, BLDG 1
ST PETERSBURG, FL 33712

## Annual Reports

| Report Year | Filed Date |
| --- | --- |
| 2013 | 01/04/2013 |
| 2014 | 01/13/2014 |
| 2015 | 01/12/2015 |

## Document Images

| | |
| --- | --- |
| 01/12/2015 -- ANNUAL REPORT | View image in PDF format |
| 03/26/2014 -- LC Amendment | View image in PDF format |
| 01/13/2014 -- ANNUAL REPORT | View image in PDF format |
| 06/11/2013 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 01/04/2013 -- ANNUAL REPORT | View image in PDF format |
| 11/13/2012 -- Florida Limited Liability | View image in PDF format |

Copyright © and  Privacy Policies
State of Florida, Department of State

# EXHIBIT 2

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

Reg. No. 3,514,464

**United States Patent and Trademark Office**   Registered Oct. 7, 2008

## TRADEMARK
### SUPPLEMENTAL REGISTER

# Beach Blonde Ale

CALIFORNIA BREWING COMPANY INC. (CA-
LIFORNIA CORPORATION)

5310 DOBERMAN LANE

ANDERSON, CA 96007

FOR: BEER, ALE AND LAGER, IN CLASS 32 (U.S.
CLS. 45, 46 AND 48).

FIRST USE 8-1-2007; IN COMMERCE 10-27-2007.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ALE", APART FROM THE MARK
AS SHOWN.

SER. NO. 77-358,888, FILED 12-23-2007.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

# EXHIBIT 3

# 3 Daughters Brewery Prepares for Growth in 2015

<u>DECEMBER 19, 2014DECEMBER 19, 2014</u>  /
<u>FLORIDABEERBLOG</u>

3 Daughters Brewing recently celebrated their one year anniversary on Friday, Dec. 12th. The party was definitely a blowout, featuring speeches by co-owner Mike Harting and St. Petersburg mayor Rick Kriseman. For a rundown of the party, I went back to 3 Daughters' awesome co-owner Leigh Harting for information on the party, Florida distribution of 3 Daughters beer, and what 2015 holds for them.



(https://floridabeerblog.files.wordpress.com/2014/09/3db_logo_rgb.jpg)

**How was Friday?**

Great. It was one of our busiest days. We really appreciated
Mayor Rick Kriseman coming by to drink one of our aged beers.
He did the ribbon cutting last year, so it was great to have him
back.

**Can you believe it's only been one year? You've grown pretty
aggressively.**

It is hard to believe that it has been a year already. We have grown
aggressively, but the market was ready for it.

**And you're starting to expand into Publix, right?**

Yes, Publix stores in Tampa, St. Petersburg, and Sarasota for right
now. This week we are going on the shelves in select Publix
stores, so we are excited about that. We also have our beer in
stores such as Trader Joe's, Whole Foods, Locale Market,
Mazzarros, and more.

Statewide, we have our beer at Total Wine and More, ABC Fine
Wine, Winn-Dixie, and others.

**Are you looking at other places for your taps? I know Bold City
was pretty excited about being featured at Disney.**

3rd       at

We actually are at Disney starting January 3rd. Our 1st tap will be at Typhoon Lagoon. We will actually have 7 taps at the water park. We will also be at ESPN Wide World of Sports. I think kudos go to Disney for realizing that the market is moving towards craft beers.

We are also at places like Busch Gardens, Amalie Arena with the Tampa Bay Lightning, and Tropicana Field with the Tampa Bay Rays.

**I'm a big Lightning fan. Where are you at the Amalie Arena?**

It was Paradise Cove, now it's Rumfish Grill. They have our Beach Blonde Ale. It's a great match, and we have a really good relationship with them.

**So, what's on the horizon for 2015?**

Our 1st year was about laying the foundation. We wanted to get our brewery and lab set up. Brewing the 1st great beer is easy. Brewing the 2nd, 5th, 5000th great beer that tastes just like the first is hard.

In 2015, we want our beer to be a household name. We'll be doing more marketing campaigns, more sponsorships and focusing on expanding in markets in Florida. 2015 will be about increasing awareness of our cans. We have 2 in market now and 2 more coming in the first quarter of next year, so we want people to know they can find it on taps or in stores.



[(https://floridabeerblog.files.wordpress.com/2014/12/presentation1.jpg)](https://floridabeerblog.files.wordpress.com/2014/12/presentation1.jpg)
3 Daughters Brewing Beach Blonde Ale and Bimini Twist IPA.
Image courtesy of 3 Daughters Brewing.

One thing we did was purchase a refrigerated truck. Generally, we use Anheuser-Busch distributors around the state. They work great as a team. But, for example, for North Florida to get our beer, it has to go through multiple distributors. We got a truck so we can deliver directly to distributors, or distribution hubs if we can't deliver close, so local distributors can come pick it up.

**And you'll be set up to produce this much beer?**

Absolutely. Right now we have capacity to make 6,000 gallons of beer every 2 weeks. We are waiting on delivery of 2 120-barrel fermentation tanks which will double brewing capabilities. In 2015 we'll be ordering 18 more 120-barrel fermentation tanks.

**That's a lot. Will you use the fermentation tanks to expand the beer outside of Florida, or distribute different beers in Florida?**

More beers in Florida. Right now, we have our Bimini Twist IPA and Beach Blonde Ale in cans. The cans for Summer Storm Oatmeal Stout and Channel Marker Red are currently in the design phase. Those four will be our year round offerings. We will also can 1-2 seasonals each quarter, such as our Oktoberfest and Brown Pelican Dunkelweizen (!!!!!).

**You seem to have a great team set up to grow like you have.**

We're very much a family. We're starting to grow now, but most people have been together for 3, 5, 10 years. (Co-Owner) Mike does the day to day operations; I do the sales and marketing and working with distributors. We just did a partnership with Ferg's to be their inside menu sponsor for 2 years, and we also do events such as golf championships. (Head Brewer) Ty's incredible. I'm amazed at his ability to dream up awesome beers and expand our portfolio of exceptional craft brews. When he tastes a beer, he can tell you everything about it.

_____

I'm not going to lie, I'm pretty excited about their new cans. Channel Marker Red and Summer Storm Oatmeal Stout are fantastic. Looking forward to more from them!

Drink Florida Craft,

Dave

@floridabeerblog
(https://floridabeerblog.wordpress.com/mentions/floridabeerblog/)

floridabeerblog@gmail.com



Brew News

**3 DAUGHTERS** ◂ **BEER** ◂ **CRAFT BEER** ◂ **FLORIDA** ◂ **FLORIDA BEER** ◂ **ST. PETERSBURG**

# 4 thoughts on "3 Daughters Brewery Prepares for Growth in 2015"

1. Pingback: Brew Review – Beach Blonde Ale by 3 Daughters Brewing (@3DBrewing @AmalieArena) #florida #beer #craftbeer | Florida Beer Blog

2. Pingback: Brew Review – Old Number One by 3 Daughters Brewing (@3dbrewing) #florida #beer #craftbeer | Florida Beer Blog

3. Pingback: Brew Review – Hillbilly Highlander by 3 Daughters | Florida Beer Blog

4. Pingback: BURGERFI Tampa Beer Pairing Dinners w/3 Daughters, Pair O'Dice, & Coppertail | Florida Beer Blog

CREATE A FREE WEBSITE OR BLOG AT WORDPRESS.COM. | THE HEMINGWAY REWRITTEN THEME.

# EXHIBIT 4

Welcome visitor you can  login (https://www.luekensliquors.com/log-in)  or  create an account (https://www.luekensliquors.com/create-account)

**(855) 958-3536**  (https://www.facebook.com/Luekens-Liquors/224154944267089)   (https://twitter.com/luekensliquors)   (http://www.youtube.com/channel/UCPcgb...)

Home (http://www.luekensliquors.com/)     My Account (https://www.luekensliquors.com/my-account)     Shopping Cart (https://www.luekensliquors.com/cart.php)
Checkout (https://www.luekensliquors.com/checkout)



**NEWS & SPECIAL OFFERS**

[email address]     Subscribe

(http://www.luekensliquors.com/)

Home (http://www.luekensliquors.com/)          Wine
                                               (http://www.luekensliquors.com/wine)

Spirits                                        Beer
(http://www.luekensliquors.com/spirits)        (http://www.luekensliquors.com/beer)

Champagne                                      Liqueurs
(http://www.luekensliquors.com/champagne)      (http://www.luekensliquors.com/liqueurs)

More (http://www.luekensliquors.com/more)      Shipping (index.php?main_page=shippinginfo)

Contact Us (http://www.luekensliquors.com/index.php?main_page=contact_us)

Home (http://www.luekensliquors.com/) ::  Beer (http://www.luekensliquors.com/beer) ::  3 Daughters Beach Bl

### 3 Daughters Beach Blonde Ale 6

**$9.99**

Share

| | |
|---|---|
| BEER ABV | 2 - 5.9 |
| BEER STYLE | Blonde |
| COUNTRY | U.S. |
| REGION | Beer East Coast |
| SIZE | 6pk |

**Description**

Lite and refreshing with just enough hops to balance the m
With an average high temperature of 82 degrees, St Peters
Beach Blonde Ale. The beaches of Florida are always ope
available year round.



(images/3 daughters beach blonde.PNG)

## Customers who bought this product also purchased...


(http://www.luekensliquors.com/beer/goose-island-lolita-750ml)


(http://www.luekensliquors.com/beer/deus-brut-des-flandres-750ml)


(http://www.luekensliquors.com/beer/boulevard-love-child-sour-ale-750ml)

Goose Island Lolita 750ml (http://www.luekensliquors.com/beer/goose-island-lolita-750ml)

Deus Brut des Flandres 750ml (http://www.luekensliquors.com/beer/deus-brut-des-flandres-750ml)

Boulevard Love Child Sour Ale 750ml (http://www.luekensliquors.com/beer/love-child-sour-ale-750ml)

Add To Cart (http://www.luekensliquors.com/beer/goose-island-lolita-750ml?action=buy_now&)

Add To Cart (http://www.luekensliquors.com/beer/deus-brut-des-flandres-750ml?action=buy_now&)

Add To Cart (http://www.luekensliquors.com/beer/love-child-sour-ale-750ml?action=buy_now&)



# Wine deal of the week

(http://www.luekensliquors.com/wine/dynamite-vineyards-2012-cabernet-sauvignon-750ml)

(http://www.luekensliquors.com/wine/dynamite-vineyards-2012-cabernet-sauvignon-750ml)
(http://www.luekensliquors.com/wine/dynam...

**Lueken's Liquors** @luekensliquors
Luekens Liquors' Halloween 2015 Costume C... Forest... fb.me/4YRPr6Y8q

**Lueken's Liquors** @luekensliquors
Le Terroir, one of our favorites from New Belgi... Luekens Liquors!!!!!

2015 A sour beer... fb.me/7BJ1P3ZBi





**Lueken's Liquors** @luekensliquors

## Follow us on

 Find us on Facebook (https://www.facebook.com/pages/Luekens-Liquors/224154944267089)

 Follow us on Twitter (https://twitter.com/luekensliquors)

 Review us on Yelp (http://www.yelp.com/biz/luekens-liquors-dunedin)

## Customer Service

Contact Us (http://www.luekensliquors.com/index.php?main_page=contact_us)

Site Map (http://www.luekensliquors.com/index.php?main_page=site_map)

## Extras

Wine Closeouts (http://www.luekensliquors.com/wine-specials)

Specials (http://www.luekensliquors.com/specials)

New Arrivals

## My Account

My Account (http://www.luekensliquors.com/my-account)

Order History (http://www.luekensliquors.com/my-account/history)

Hours &

8+ Wine Reviews on Google+
(https://plus.google.com/106251386938909484041/posts)

Shipping Deals
(http://www.luekensliquors.com/shipping-
deals)

Shipping Policy
(http://www.luekensliquors.com/index.php?
main_page=shippinginfo)

(http://www.luekensliquors.com/new-
products)

Need a Gift Idea
(http://www.luekensliquors.com/great-
gift-ideas)

Email Subscribe
(http://www.luekensliquors.com/email-
subscribe)

Terms & Conditions
(http://www.luekensliquors.com/terms-
conditions)

(http://www.
locations)

---

## Weekly Sales Ad

Did you miss our recent Sunday Ad?
expires 10-31-15

(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)
(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)
(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)
(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)

(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)
(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)
(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)
(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)
(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)
(http://www.luekensliquors.com/LUEKNSWEEKLYAD.pdf)

## Payment Accepted



(http://www.luekensliquc

## Contact Us

Toll-free: (855) 9LUEKEN

Local: (727) 736-6378

Email: info @ luekensliquors.com



Home \ Beer \ Ale \ Blonde Ale \ American Blonde Ale \ 3 Daughters Beach Blonde Ale

144137121-2

# 3 Daughters Beach Blonde Ale

★★★★☆ (1 Reviews)

United States | Ale

Aisle 07, Right

$ 9.49          6pk-12oz Cans

Florida- American Blonde Ale- Pours an attractive golden blonde color. A well-balanced, easy-drinking brew with mild notes of malt sweetness and hop bitterness. Goes down easy and great for hot weather refreshment.

*Balanced* · *Grainy* · *Citrusy* · *Light-bodied*

Can ⌄

12oz ⌄

Pack(6) ⌄

● Pick up in store
Fort Lauderdale , FL
Available in 7 other store(s) nearby

○ Ship to FL

Beer is not eligible for shipping to FL.

1 ⌄   Add to cart +

Add to list ›

View all 3 Daughters products >

‹ ○ ● ● ›

PRO

Price, vintage and availability may vary by store.

**EXHIBIT 5**



Read the full article here

# Craft Beers on Tap



*Craft Beer*



*Craft Beer*



*Seasonal*

# Craft beers that are Florida inspired, St Pete brewed






**James A.**
Fort Myers, FL
9 friends
13 reviews

Fantastic beer and overall experience!! They brew their own beer here and I had several types, all of which were great tasting beers. They were out of their IPA when I went so that was a bit of a bummer, but the Pale Ale that I had was a great replacement. The beers were more expensive than your normal domestics which is to be expected with most microbreweries, but the prices were still very reasonable. Try and make an experience of it when you go - they have ping pong, large Jenga, basketball and several other games to keep you occupied! They don't have any food for sale but we did have a couple food trucks drop by which had great food for sale. Also a great pregame spot for the Rays game- you can park there and walk to the game!!















# Meet the Team

Meet the 3 Daughters Brewing team and hear how we started brewing amazing craft beer.

**HEAR OUR STORY**



# Tasting Room & Events

Check out more information about 3 Daughters Brewing and what happening in our tasting room.

**VIEW OUR ROOM**



Name | Email Address | JOIN 3DB

*Stay in touch with 3 Daughters Brewing*

3 Daughters Brewing's great tasting craft beers are available around the state of Florida.

3 Daughters Brewing, 222 22nd St S, St Petersburg, FL 33712

© 2015 3 Daughters Brewing. All Rights Reserved.



## Craft Beers on Tap



*Craft Beer on Draft*



*Craft Beer in Cans*



*Seasonal Craft Beer*



*Craft beers that are Florida inspired, St Pete brewed*





## Posted: June 10, 2015

Souzou was the sleekest classroom in town Tuesday. The upscale Asian fusion restaurant on the bottom floor of a new office building at 435 5th Ave. N in St. Petersburg has set June 22 as the date for its soft opening.

Training is underway. New hires filtered in as it approached noon, greeted heartily by their supervisors. They gathered classroom-style in the dining rooms to study menus, listen to presentations and get to know each other. They took tours. At one point, more than 30 staff members were going through the paces.

Souzou is the brainchild of St. Petersburg businessman Patrick Marston, a rookie restaurateur who from the outset was fully aware of how little he knew about the industry. That led him to Mike Harting, whose ownership of nearby 3 Daughters Brewing, previous stint at BellaBrava and long tenure at Outback Steakhouse made him an ideal partner.

Harting strolled into the restaurant at the appointed

1 p.m., wearing a 3 Daughters "Beach Blonde Ale" T-shirt.

Souzou is his first restaurant endeavor since parting ways with BellaBrava two years ago. Harting estimates he had 15 to 20 opportunities to get back in the food biz, and passed on all of them.

Marston is an investor in 3 Daughters, so had an in, but he was an unproven commodity. Nevertheless, it didn't take Harting long to sign on to the Souzou project.

"Patrick's approach was very business-minded," Harting said. "There was a commonality of ideas with Patrick that was immediately obvious. He has a desire to build something bigger than the bottom line."

Harting brings exacting standards from his career as an operations guru. For instance: Although Souzou is a classy sit-down eatery, a strict service protocol is in effect: two minutes for salads, six minutes for appetizers, 12 minutes for entrees.

Harting has brought trusted associates into the operation, among them Julie Parrish, Souzou's general manager, and Chef Ty Weaver, who is also the master brewer at 3 Daughters. Could there one day be a slew of Souzous?

"We're going to see how much fun we have with this one," Harting said. "But we built it to be duplicated. Everything we do is measured, weighted, recorded and written down. That was done by design — to be replicable."

**Read more at Tampa Bay Business Journal**



Name
Email Address
JOIN 3DB

*Stay in touch with 3 Daughters Brewing*

3 Daughters Brewing's great tasting craft beers are available around the state of Florida.

3 Daughters Brewing, 222 22nd St S, St Petersburg, FL 33712

© 2015 3 Daughters Brewing. All Rights Reserved.

# EXHIBIT 6

 

**70%** OF SHOPPERS CONSULT REVIEWS BEFORE MAKING A PURCHASE    GET REVIEWS ★★★★★ DRIVE SALES    .REVIEWS GET STARTED ›

# Whois Lookup for 3dbrewing.com

Transfer this Domain | Backorder this Domain | Make an Offer

Buy Related Domains:

| | | | |
|---|---|---|---|
| Free3DBrewing.engineer | $29.99 | 3DBrewingCompany.studio | $22.99 |
| 3DBrewingCompany.e... | $29.99 | Free3DBrewing.video | $22.99 |
| Free3DBrewing.software | $29.99 | 3DBrewingCompany.video | $22.99 |
| 3DBrewingCompany.s... | $29.99 | 3DBrewings.engineer | $29.99 |
| Free3DBrewing.studio | $22.99 | Free3DBrewing.market | $29.99 |

Domain Name: 3DBREWING.COM
Registry Domain ID: 1752089257_DOMAIN_COM-VRSN
Registrar WHOIS Server: WHOIS.ENOM.COM
Registrar URL: WWW.ENOM.COM
Update Date: 2014-10-02T02:14:53.00Z
Creation Date: 2012-10-14T16:18:00.00Z
Registrar Registration Expiration Date: 2023-10-14T16:18:00.00Z
Registrar: ENOM, INC.
Registrar IANA ID: 48
Registrar Abuse Contact Email: ABUSE@ENOM.COM
Registrar Abuse Contact Phone: +1.4252982646
Domain Status: REGISTRAR-LOCK
Registry Registrant ID:
Registrant Name: MIKE HARTING
Registrant Organization:
Registrant Street: 5123 QUEEN PALM TERRACE
Registrant Street:
Registrant City: ST.PETERSBURG
Registrant State/Province: FL
Registrant Postal Code: 33703
Registrant Country: US
Registrant Phone: +1.8132998166
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: MRHARTING@GMAIL.COM
Registry Admin ID:
Admin Name: GOOGLE TEAM
Admin Organization: GOOGLE, INC.
Admin Street: 1600 AMPHITHEATRE PARKWAY
Admin Street:
Admin City: MOUNTAIN VIEW
Admin State/Province: CA
Admin Postal Code: 94043
Admin Country: US
Admin Phone: +1.6501234567
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: GOOGLECLIENTS@ENOM.COM
Registry Tech ID:
Tech Name: GOOGLE TEAM
Tech Organization: GOOGLE, INC.
Tech Street: 1600 AMPHITHEATRE PARKWAY
Tech Street:
Tech City: MOUNTAIN VIEW
Tech State/Province: CA
Tech Postal Code: 94043

Search WHOIS for another Domain

[             ] Search



Find a web address that helps more customers find you.

http://myprofession.**ninja** →

Find Yours

*Related Extensions*

3dbrewing.net
3dbrewing.org
3dbrewing.me
3dbrewing.info
3dbrewing.mobi
3dbrewing.biz
3dbrewing.tv
3dbrewing.cc
3dbrewing.co
3dbrewing.asia

Tech Country: US
Tech Phone: +1.6501234567
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: GOOGLECLIENTS@ENOM.COM
Name Server: DNS1.NAME-SERVICES.COM
Name Server: DNS2.NAME-SERVICES.COM
Name Server: DNS3.NAME-SERVICES.COM
Name Server: DNS4.NAME-SERVICES.COM
Name Server: DNS5.NAME-SERVICES.COM
DNSSEC:UNSIGNED
URL of the ICANN WHOIS Data Problem Reporting System:
HTTP://WDPRS.INTERNIC.NET/
>>> Last update of WHOIS database:2014-10-01T19:14:55.00Z <<<

The data in this whois database is provided to you for information purposes only, that is, to assist you in obtaining information about or related to a domain name registration record. We make this information available "as is," and do not guarantee its accuracy. By submitting a whois query, you agree that you will use this data only for lawful purposes and that, under no circumstances will you use this data to: (1) enable high volume, automated, electronic processes that stress or load this whois database system providing you this information; or (2) allow, enable, or otherwise support the transmission of mass unsolicited, commercial advertising or solicitations via direct mail, electronic mail, or by telephone. The compilation, repackaging, dissemination or other use of this data is expressly prohibited without prior written consent from us.

We reserve the right to modify these terms at any time. By submitting this query, you agree to abide by these terms.

Version 6.3 4/3/2002.

3dbrewing.com is a domain name registered by MIKE HARTING. The site is based in ST.PETERSBURG, FL, US. This domain does not appear to have registrar lock enabled.

Page rank, back links or indexed pages information is not available for www.3dbrewing.com. Inexpensive business listings setup through eNom can help websites to build backlinks, and to generate organic search engine referrals.

For additional information about www.3dbrewing.com, users are encouraged to contact MIKE HARTING for items pertaining to the registrant. For administrative issues, please email GOOGLE TEAM or call +1.6501234567. Items of a technical nature should be directed to GOOGLE TEAM via email or by calling +1.6501234567.

**Search for a domain in the WHOIS database**

[                                        ]  **Search**

Private Registration
Public Registration
Register a Domain
Transfer a Domain

enom  is a proud part of  (http://rightside.co), a leading domain name services company.
Copyright © 1998-2015 eNom Inc. All rights reserved. Terms & Conditions (/terms/default.aspx) | Privacy Policy (/terms/privacy.asp) | Abuse Policy (/help/AbusePolicy.aspx)

# EXHIBIT 7

 BlockShopper
Tampa

Sunday, November 01, 2015

» Register    Log In

10 Oak St, Belltown Condos    Search

| Home Research | Local News | For Sale | Real Estate Agents | Mortgage |

 CLICK HERE  ✓ Search Engine/ Local SEO ✓ Social Media Marketing ✓ Proven ROI   TAG Business Strategies DIGITAL MARKETING

Off Market    **5123 Queen Palm Terrace NE, St Petersburg, FL 33703**

| Home Details | Refinance |



Own 5123 Queen Palm Terrace NE? Claim your home and add details!

| | |
|---|---|
| Owner: | Michael R Harting, Pamela Leigh Harting |
| City: | St Petersburg |
| Zip: | 33703 |
| County: | Pinellas County FL |
| Region: | — |
| Neighborhood: | — |
| Subdivision: | Placido Bayou |
| Street: | Queen Palm Terrace NE |
| | ⊞ View your Credit Scores now, Free! |
| Yr. Built: | 1994 |
| Builder: | — |
| Sqft (land | living): | 9,535 land | 4,249 living |
| Bedrooms: | N/A |
| Bathrooms: | N/A |
| Property Taxes: | $10,233.18 |
| Stories: | 2 |

 1,751 TO OVER 6,600 SQ. FT. 13 COMMUNITIES HOMES BY  West Bay  LEARN MORE ›

Home Resource Center
for Placido Bayou in St Petersburg

Mortgage Center
Get rates from top local mortgage lenders

Sign up for access to more local offers

### Sales History

| Price | Type | Date | B-Buyer/S-Seller | Agent |
|---|---|---|---|---|
| $617,500 | Resale | 05/27/2005 | **B:** Michael R Harting, Pamela Leigh Harting | BA: N/A |
| | | | **S:** Robert C White, Mollie M White | SA: N/A |

### Info & Demographics

| Information | | Demographics | |
|---|---|---|---|
| Elementary School: | N/A | Median Income | $46,996 |
| Middle School: | N/A | White: All* | 95.8% |
| High School: | N/A | White: Latin or Hispanic* | 3.2% |
| State Senator: | State Sen. Mike Fasano [R] | Black or African American* | 0.9% |
| | | American Indian and Alaska Native* | 0.5% |
| | | Native Hawaiian and Pacific Islander* | 0% |
| | | Asian* | 2.8% |
| | | Census Tract: | 240.02/Crisp Park |
| | | *Alone or in combination | Source: U.S. Census |

 Business Email Marketing & Automation  Starts at Only $19.95/mo.  Start a Free 30 Day Trial  START NOW!

### Notes

 Read more notes in St Petersburg

No notes for 5123 Queen Palm Terrace NE

 PLAN FOR WHAT'S AHEAD. AND SEE HOW MUCH YOU COULD SAVE. FIND AN AGENT  FARMERS INSURANCE

## Neighbors

| Owner | Address | Bed \| Bath \| Living Sqft. |
|---|---|---|
| David V Larson | 5119 Queen Palm Terrace NE | N/A bd \| N/A ba \| 3418 sqft |
| Vernard McKenny and Aurora S McKenny | 5111 Queen Palm Terrace NE | N/A bd \| N/A ba \| 4581 sqft |
| Stephen T Cunningham and Monica L Cunningham | 5103 Queen Palm Terrace NE | N/A bd \| N/A ba \| 3745 sqft |
| Charles T Franckle and Mary Franckle | 5013 Queen Palm Terrace NE | N/A bd \| N/A ba \| 3569 sqft |
| Carlos A Velez and Sueldo Gabriela A Pavlich | 5010 Queen Palm Terrace NE | 4 bd \| 4 ba \| 3480 sqft |
| Joanthan E Thompson and Jolie Thompson | 5009 Queen Palm Terrace NE | N/A bd \| N/A ba \| 2976 sqft |
| Sally B Saron | 5008 Queen Palm Terrace NE | N/A bd \| N/A ba \| 2428 sqft |
| Lawrence D Bearnarth Jr and Alison D Bearnarth | 5007 Queen Palm Terrace NE | 4 bd \| 3 ba \| 3500 sqft |
| Douglas C Rutan and Cynthia H Rutan | 5005 Queen Palm Terrace NE | N/A bd \| N/A ba \| 3224 sqft |
| David T Yelton and Lavah B Lowe | 5004 Queen Palm Terrace NE | 4 bd \| 2 ba \| 3284 sqft |





More BlockShopper: Baltimore · Beaumont · Bronx · Brooklyn · Buffalo · Chicago · Cleveland · Connecticut · Dallas-Fort Worth · Delaware · Denver · Hampton Roads · Houston · Las Vegas · Long Island · Los Angeles · Manhattan · Orlando · Philly · Phoenix · Queens · Riverside · Rochester · Rockford · San Antonio · San Francisco · Seattle · Southeastern Connecticut · South Florida · Springfield · St. Louis · Tampa · Washington D.C. · Westchester
Copyright © BlockShopper LLC. · About Us · Privacy Policy · Team · Contact Us · FAQ · Advertise · Register · iPhone App · Sign up for Local Note Pro

# EXHIBIT 8

BEACH BLONDE ALE

| | | | |
|---|---|---|---|
| **US Serial Number:** | 85931065 | **Application Filing Date:** | May 14, 2013 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**Status:** Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Apr. 03, 2014

**Date Abandoned:** Mar. 06, 2014

# Mark Information

**Mark Literal Elements:** BEACH BLONDE ALE

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

# Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Ales | | |
| **International Class(es):** | 032 - Primary Class | **U.S Class(es):** | 045, 046, 048 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |

# Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No | **Amended Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

# Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | 3 Daughter's Brewing LLC |
| **Owner Address:** | 5123 Queen Palm Terrace<br>ST PETERSBURG, FLORIDA 33703<br>UNITED STATES |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | FLORIDA |

# Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | Suzette Marteny | **Docket Number:** | BEACH BLONDE |
| **Attorney Primary Email Address:** | smarteny@eflegal.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | SUZETTE MARTENY<br>ENGLANDER FISCHER<br>721 1ST AVE N<br>ST PETERSBURG, FLORIDA 33701-3603 |

UNITED STATES

**Phone:** 813-966-2054                                    **Fax:** 727-898-7218

**Correspondent e-mail:** smarteny@eflegal.com aboucher@eflegal.com suzi@marteny.com          **Correspondent e-mail Authorized:** Yes

| Domestic Representative - Not Found |
|---|

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Apr. 03, 2014 | ABANDONMENT NOTICE MAILED - FAILURE TO RESPOND | |
| Apr. 03, 2014 | ABANDONMENT - FAILURE TO RESPOND OR LATE RESPONSE | |
| Sep. 05, 2013 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Sep. 05, 2013 | NON-FINAL ACTION E-MAILED | 6325 |
| Sep. 05, 2013 | NON-FINAL ACTION WRITTEN | 77304 |
| Sep. 03, 2013 | ASSIGNED TO EXAMINER | 77304 |
| Jun. 15, 2013 | LETTER OF PROTEST ACCEPTED | |
| May 23, 2013 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| May 17, 2013 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

| TM Staff Information |
|---|

**TM Attorney:** VERHOSEK, WILLIAM T          **Law Office Assigned:** LAW OFFICE 114

| File Location |
|---|

**Current Location:** TMO LAW OFFICE 114 - EXAMINING ATTORNEY ASSIGNED          **Date in Location:** Apr. 03, 2014



# UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

Apr 03, 2014

# NOTICE OF ABANDONMENT

TM114

SUZETTE MARTENY
ENGLANDER FISCHER
721 1ST AVE N
ST PETERSBURG, FL 33701-3603

ATTORNEY
REFERENCE
NUMBER:
BEACH BLONDE

---

**SERIAL NUMBER:** 85/931065
**MARK:** BEACH BLONDE ALE
**APPLICANT:** 3 Daughter's Brewing LLC

---

THE ABOVE IDENTIFIED TRADEMARK APPLICATION WAS ABANDONED IN FULL ON 03/06/2014 FOR THE FOLLOWING REASON:

NO RESPONSE TO THE OFFICE ACTION MAILED ON 09/05/2013 WAS RECEIVED IN THE UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO) WITHIN THE SIX-MONTH RESPONSE PERIOD. (15 U.S.C. 1062(b); TRADEMARK RULE 2.65(a)). YOU MAY VIEW THE OFFICE ACTION THROUGH TRADEMARK DOCUMENT RETRIEVAL (TDR) AVAILABLE AT http://tmportal.uspto.gov/external/portal/tow.

**YOU CAN REQUEST REINSTATEMENT OF THE APPLICATION FOR NO FEE IF:**

* YOU HAVE PROOF THAT YOUR RESPONSE WAS RECEIVED IN THE USPTO ON OR BEFORE THE DUE DATE - SUCH AS A POSTCARD WITH A USPTO MAILROOM DATE STAMP; OR,
* YOU MAILED OR FAXED THE RESPONSE ON OR BEFORE THE DUE DATE WITH A CERTIFICATE OF MAILING OR FACSIMILE TRANSMISSION, IN ACCORDANCE WITH USPTO RULE 2.197, 37 CFR SEC. 2.197.

**YOU MUST SUBMIT A COPY OF THE PREVIOUSLY SUBMITTED TIMELY RESPONSE WITHIN 2 MONTHS OF THE DATE PRINTED AT THE TOP OF THIS NOTICE ALONG WITH ONE OF THE TYPES OF PROOF SET OUT ABOVE. YOU MAY FAX THIS INFORMATION TO 571-273-8950.**

**IF YOU DO NOT HAVE THE PROOF NECESSARY FOR REINSTATEMENT, YOU CAN FILE A PETITION TO REVIVE THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) AVAILABLE AT http://www.uspto.gov/teas/index.html. USPTO RULE 2.66, 37 CFR SEC. 2.66, REQUIRES:**

* A "PETITION TO REVIVE" **TO BE FILED WITHIN 2 MONTHS** OF THE DATE PRINTED AT THE TOP OF THIS NOTICE;
* A SIGNED STATEMENT BY SOMEONE WITH FIRST HAND KNOWLEDGE OF THE FACTS THAT THE DELAY IN RESPONDING BY THE DUE DATE WAS "UNINTENTIONAL";
* A PETITION FEE OF $100, MADE PAYABLE TO THE COMMISSIONER OF TRADEMARKS; AND
* A RESPONSE TO THE OFFICE ACTION (IF YOU RECEIVED THE OFFICE ACTION - OTHERWISE, A STATEMENT THAT YOU DID NOT RECEIVE THE OFFICE ACTION.)

**FOR FURTHER INFORMATION CALL 1-800-786-9199**

| To: | 3 Daughter's Brewing LLC (smarteny@eflegal.com) |
| --- | --- |
| Subject: | U.S. TRADEMARK APPLICATION NO. 85931065 - BEACH BLONDE ALE - BEACH BLONDE |
| Sent: | 9/5/2013 11:51:53 AM |
| Sent As: | ECOM114@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
#### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 85931065

**MARK:** BEACH BLONDE ALE

**CORRESPONDENT ADDRESS:**
SUZETTE MARTENY
ENGLANDER FISCHER
721 1ST AVE N
ST PETERSBURG, FL 33701-3603

**\*85931065**

**CLICK HERE TO RESPO**
http://www.uspto.gov/trademar

**APPLICANT:** 3 Daughter's Brewing LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO :**
BEACH BLONDE
**CORRESPONDENT E-MAIL ADDRESS:**
smarteny@eflegal.com

## OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER
TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 9/5/2013**

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**Summary of Issues**

- Section 2(d) refusal
- Disclaimer requirement

## Section 2(d) Refusal – Likelihood of Confusion

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 3514464.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*  See the enclosed registration.

In a likelihood of confusion determination, the marks in their entireties are compared for similarities in appearance, sound, connotation, and commercial impression.  *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b)-(b)(v).

In the present case, applicant's  mark is BEACH BLONDE ALE and registrant's  mark is BEACH BLONDE ALE.  Thus, the marks are identical in terms of appearance and sound.

In addition, the connotation and commercial impression of the marks do not differ when considered in connection with applicant's and registrant's respective goods and/or services.

Therefore, the marks are confusingly similar.

When analyzing an applicant's  and registrant's  goods and/or services for similarity and relatedness, that determination is based on the description of the goods and/or services stated in the application and registration at issue, not on extrinsic evidence of actual use.  *See Octocom Sys. Inc. v. Hous. Computers Servs. Inc.*, 918 F.2d 937, 942, 16 USPQ2d 1783, 1787 (Fed. Cir. 1990); *see also Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 1267, 62 USPQ2d 1001, 1004 (Fed. Cir. 2002).

Absent restrictions in an application and/or registration, the identified goods and/or services are presumed to travel in the same channels of trade to the same class of purchasers.  *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1356, 98 USPQ2d 1253, 1261 (Fed. Cir. 2011); *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d at 1268, 62 USPQ2d at 1005.  Additionally, unrestricted and broad identifications are presumed to encompass all goods and/or services of the type described.  *See In re Jump Designs*, 80 USPQ2d 1370, 1374 (TTAB 2006); *In re Linkvest S.A.*, 24 USPQ2d 1716, 1716 (TTAB 1992).

In this case, the identifications set forth in the application and registration(s) are identical and have no restrictions as to nature, type, channels of trade, or classes of purchasers.  Therefore, it is presumed that these goods and/or services travel in all normal channels of trade, and are available to the same class of purchasers.  *See Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 1053, 103 USPQ2d 1435, 1440 (Fed. Cir. 2012).

Accordingly, the goods of applicant and the registrant(s) are considered related for purposes of the likelihood of confusion analysis.

Upon encountering identical marks and identical goods, consumers would mistakenly believe that applicant's  goods and registrant's  goods emanate from a common source, and thus a likelihood of confusion as to source would result.  Therefore, applicant's mark is not entitled to registration.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

**Disclaimer Requirement**

Applicant must disclaim the descriptive wording "ALE" apart from the mark as shown because it merely describes an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services. *See* 15 U.S.C. §§1052(e)(1), 1056(a); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012) (quoting *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004)); *In re Steelbuilding.com*, 415 F.3d 1293, 1297, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005); TMEP §§1213, 1213.03(a).

The applicant's goods are "ale." It is clear from the identification that the goods are ale. Therefore, the wording is generic for the applicant's goods.

As a result, the merely descriptive term ALE must be disclaimed apart from the mark as shown.

A "disclaimer" is a statement in the application record that applicant does not claim exclusive rights to an unregistrable component of a mark; a disclaimer does not affect the appearance of the mark or physically remove disclaimed matter from the mark. TMEP §§1213, 1213.10. An unregistrable component of a mark includes wording and designs that are merely descriptive of an applicant's goods and/or services. 15 U.S.C. §1052(e); see TMEP §§1209.03(f), 1213.03 et seq. Such words or designs need to be freely available for other businesses to market comparable goods or services and should not become the proprietary domain of any one party. See Dena Corp. v. Belvedere Int'l, Inc., 950 F.2d 1555, 1560, 21 USPQ2d 1047, 1051 (Fed. Cir. 1991); In re Aug. Storck KG, 218 USPQ 823, 825 (TTAB 1983).

The following cases further explain the disclaimer requirement: Dena Corp. v. Belvedere Int'l Inc., 950 F.2d 1555, 21 USPQ2d 1047 (Fed. Cir. 1991); In re Brown-Forman Corp., 81 USPQ2d 1284 (TTAB 2006); In re Kraft, Inc., 218 USPQ 571 (TTAB 1983).

Applicant may submit the following standardized format for a disclaimer:

No claim is made to the exclusive right to use "ALE" apart from the mark as shown.

TMEP §1213.08(a)(i); see In re Owatonna Tool Co., 231 USPQ 493 (Comm'r Pats. 1983).


**TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:** Applicants who filed their application online using the reduced-fee TEAS Plus application must continue to submit certain documents online using TEAS, including responses to Office actions. *See* 37 C.F.R. §2.23(a)(1). For a complete list of these documents, see TMEP §819.02(b). In addition, such applicants must accept correspondence from the Office via e-mail throughout the examination process and must maintain a valid e-mail address. 37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a). TEAS Plus applicants who do not meet these requirements must submit an additional fee of $50 per international class of goods and/or services. 37 C.F.R. §2.6(a)(1)(iv); TMEP §819.04. In appropriate situations and where all issues can be resolved by

amendment, responding by telephone to authorize an examiner's amendment will not incur this additional fee.

/William T. Verhosek/
William T. Verhosek
Examining Attorney
USPTO/Law Office 114
571-272-9464
william.verhosek@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

**DESIGN MARK**

**Serial Number**
77358888

**Status**
REGISTERED

**Word Mark**
BEACH BLONDE ALE

**Standard Character Mark**
Yes

**Registration Number**
3514464

**Date Registered**
2008/10/07

**Type of Mark**
TRADEMARK

**Register**
SUPPLEMENTAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
California Brewing Company Inc. CORPORATION CALIFORNIA 5310 Doberman
Lane Anderson CALIFORNIA 96007

**Goods/Services**
Class Status -- ACTIVE.  IC 032.  US  045 046 048.  G & S: Beer, ale
and lager.  First Use: 2007/08/01.  First Use In Commerce: 2007/10/27.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ALE" APART FROM THE
MARK AS SHOWN.

**Filing Date**
2007/12/23

**Examining Attorney**
SOMERVILLE, ARETHA

# Beach Blonde Ale

# UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

# IMPORTANT NOTICE REGARDING YOUR
# U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **9/5/2013** FOR U.S. APPLICATION SERIAL NO. 85931065

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period. Your response deadline will be calculated from **9/5/2013** (*or sooner if specified in the Office action*). For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System (TEAS) response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

# WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.** For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

# NOTE TO THE FILE

SERIAL NUMBER:     85931065

DATE:              09/03/2013

NAME:              wverhosek

## NOTE:

**Searched:**
___ Google
___ Lexis/Nexis
___ OneLook
___ Wikipedia
___ Acronym Finder
___ Other:

**Discussed ID with:**
___ Senior Atty
___ Managing Atty

_X_ Protest evidence reviewed

**Checked:**
___ Geographic significance
___ Surname
___ Translation
___ ID with ID/CLASS mailbox

**Discussed Geo. Sig. with:**
___ Senior Atty
___ Managing Atty

__ Checked list of approved Canadian attorneys and agents

**Discussed file with**
**Attorney/Applicant via:**
___ phone
___ email

___ Left message with
     Attorney/Applicant

___ Requested Law Library search
     for:

___ Issued Examiner's Amendment
     and entered changes in TRADEUPS

___ **PRINT** ___ **DO NOT PRINT**
___ Description of the mark
___ Translation statement

___ Added design code in TRADEUPS

___ Re-imaged standard character
     drawing

___ Negative translation statement
___ Consent of living individual

___ Contacted TM MADRID ID/CLASS
     about misclassified definite ID

___ Changed TRADEUPS to:

___ OTHER:

*** User:wverhosek ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 1 | 0 | 1 | 1 | 0:01 | 85931065[SN] |
| 02 | 2 | 0 | 1 | 1 | 0:01 | "3 daughter"[ow] |
| 03 | 1 | 0 | 1 | 1 | 0:01 | 3514464 |
| 04 | 2443 | N/A | 0 | 0 | 0:02 | *be{"ea"}ch*[bi,ti] and live[ld] |
| 05 | 347 | N/A | 0 | 0 | 0:01 | *blond*[bi,ti] and live[ld] |
| 06 | 16885 | N/A | 0 | 0 | 0:01 | *ale*[bi,ti] and live[ld] |
| 07 | 36 | 0 | 6 | 6 | 0:01 | 6 and (4 5) |
| 08 | 2443 | N/A | 0 | 0 | 0:01 | 4 and 4 |
| 09 | 9 | 0 | 9 | 9 | 0:01 | 4 and 5 |

Session started 9/3/2013 12:42:08 PM

Session finished 9/3/2013 12:46:10 PM

Total search duration 0 minutes 10 seconds

Session duration 4 minutes 2 seconds

Defaut NEAR limit=1ADJ limit=1

Sent to TICRS as Serial Number: 85931065



Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

# LETTER OF PROTEST MEMORANDUM

DATE:     June 15, 2013

TO:     Assigned Examining Attorney
          TMEO

FROM:     Charles G. Joyner
          Office of the Deputy Commissioner for
          Trademark Examination Policy

SUBJECT:     Letter of Protest concerning Application Serial No. 85931065

A letter of protest filed before publication has been granted. It has been determined that the evidence submitted by the protester is relevant and may support a reasonable ground for refusal appropriate in *ex parte* examination. Therefore, you must consider the following and make an independent determination whether to issue a requirement or refusal based on the objections raised in the letter of protest:

Possible likelihood of confusion with the registered mark identified by the protestor

U.S. Registration No. 3514464

A copy of the registration is available in the x-search database.

**NOTE:** The acceptance of a letter of protest filed before publication is not a legal determination by the USPTO of registrablity, nor is it meant to compromise the integrity of the *ex parte* examination process. It merely serves to bring the submitted evidence to the attention of the examining attorney, who determines whether a refusal or requirement should be raised or ultimately made final.

# BEACH BLONDE ALE

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 85931065**
**Filing Date: 05/14/2013**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | BEACH BLONDE ALE |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | BEACH BLONDE ALE |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | 3 Daughter's Brewing LLC |
| *STREET | 5123 Queen Palm Terrace |
| *CITY | ST PETERSBURG |
| *STATE (Required for U.S. applicants) | Florida |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 33703 |
| PHONE | 813-299-8166 |
| EMAIL ADDRESS | mike@3dbrewing.com |

## LEGAL ENTITY INFORMATION

| | |
|---|---|
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY WHERE LEGALLY ORGANIZED | Florida |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| | |
|---|---|
| *INTERNATIONAL CLASS | 032 |
| *IDENTIFICATION | Ales |
| *FILING BASIS | SECTION 1(b) |

## ADDITIONAL STATEMENTS INFORMATION

| | |
|---|---|
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Suzette Marteny |
| ATTORNEY DOCKET NUMBER | BEACH BLONDE ALE |
| FIRM NAME | Englander Fischer |
| STREET | 721 First Avenue North |
| CITY | St.. Petersburg |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33701 |
| PHONE | 813-966-2054 |
| FAX | 727-898-7218 |
| EMAIL ADDRESS | smarteny@eflegal.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| **\*NAME** | Suzette Marteny |
| **FIRM NAME** | Englander Fischer |
| **\*STREET** | 721 First Avenue North |
| **\*CITY** | St.. Petersburg |
| **\*STATE** (Required for U.S. applicants) | Florida |
| **\*COUNTRY** | United States |
| **\*ZIP/POSTAL CODE** | 33701 |
| **PHONE** | 813-966-2054 |
| **FAX** | 727-898-7218 |
| **\*EMAIL ADDRESS** | smarteny@eflegal.com;aboucher@eflegal.com; suzi@marteny.com |
| **\*AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **NUMBER OF CLASSES** | 1 |
| **FEE PER CLASS** | 275 |
| **\*TOTAL FEE PAID** | 275 |
| **SIGNATURE INFORMATION** | |
| **\* SIGNATURE** | /Michael Harting/ |
| **\* SIGNATORY'S NAME** | Michael Harting |
| **\* SIGNATORY'S POSITION** | Managing Member |
| **SIGNATORY'S PHONE NUMBER** | 813-299-8166 |
| **\* DATE SIGNED** | 05/14/2013 |

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 85931065**
**Filing Date: 05/14/2013**

# To the Commissioner for Trademarks:

**MARK:** BEACH BLONDE ALE (Standard Characters, see mark)
The literal element of the mark consists of BEACH BLONDE ALE.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, 3 Daughter's Brewing LLC, a limited liability company legally organized under the laws of Florida, having an address of
    5123 Queen Palm Terrace
    ST PETERSBURG, Florida 33703
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 032:  Ales
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

The applicant's current Attorney Information:
    Suzette Marteny of Englander Fischer
    721 First Avenue North
    St.. Petersburg, Florida 33701
    United States
The attorney docket/reference number is BEACH BLONDE ALE.
 The applicant's current Correspondence Information:
    Suzette Marteny
    Englander Fischer
    721 First Avenue North
    St.. Petersburg, Florida 33701
    813-966-2054(phone)

727-898-7218(fax)
smarteny@eflegal.com;aboucher@eflegal.com; suzi@marteny.com (authorized)

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Michael Harting/   Date Signed: 05/14/2013
Signatory's Name: Michael Harting
Signatory's Position: Managing Member



RAM Sale Number: 85931065
RAM Accounting Date: 05/14/2013

Serial Number: 85931065
Internet Transmission Date: Tue May 14 09:31:58 EDT 2013
TEAS Stamp: USPTO/FTK-173.78.19.156-2013051409315840
6826-85931065-5006adbd1f08a3e9f666f983cb
766b4bfc775b154f15dcbf735836454d8103f-CC
-8994-20130514085805491611

# BEACH BLONDE ALE