UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA BREWING COMPANY, a California Corporation, | No. 2:15-cv-02278-KJM-CMK |
| Plaintiff/Counter Defendant, | ORDER |
| v. | |
| 3 DAUGHTERS BREWING LLC, a Florida Limited Liability Company, et al., | |
| Defendants/Counter Claimants. | |

Plaintiff/counter-defendant California Brewing Company ("CBC") moves to strike affirmative defenses numbered 1, 2, 3, 4, 5, 6, 7, 8, and 10[1] in this trademark action. ECF No. 28. In response, defendants/counter-claimants 3 Daughters Brewing LLC ("3 Daughters") and LMMML LLC ("LM") move to amend the answer, arguing their proposed amended answer "should resolve the issues raised by CBC." ECF No. 31 at 2.[2] Defendants seek to remove

---

[1] Unless otherwise noted, the numbering cited in this order refers to the numbering used in the original answer, rather than the proposed amended answer.

[2] Defendants contend CBC filed its motion to strike without providing defendants an adequate opportunity to substantively review their affirmative defenses. ECF No. 31 at 1–2. Plaintiff responds that it was defendants who did not comply with the court's meet and confer requirements. ECF No. 32 at 7–8. The parties are cautioned that the court's meet and confer

1

affirmative defenses numbered 1, 7, 8, and 10, add factual allegations supporting their other affirmative defenses, and add an affirmative defense for failure to mitigate damages. *See* Proposed Am. Answer, Defs.' Response Ex. A, ECF No. 31-1. CBC opposes in part defendants' motion. ECF No. 32.

In the interest of judicial economy, the court considers both motions together and decides the matter without a hearing. As explained below, the court GRANTS IN PART and DENIES IN PART each motion.

I.   LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f); *see Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc., v. Classic Woodworking, LLC*, No. 04–3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An affirmative defense is legally insufficient when "it lacks merit under any set of facts the defendant might allege." *Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (citation omitted), *abrogated on other grounds by Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

Rule 8 of the Federal Rules of Civil Procedure requires that a party "state in short and plain terms" its defenses when responding to a pleading. Fed. R. Civ. P. 8(b). An affirmative defense is insufficient as a matter of pleading where it fails to provide the plaintiff with "fair notice" of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "The 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler*, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)).[3] "Although fair notice is a low bar that

---

requirements require a thorough and meaningful discussion regarding the substance of the contemplated motion and any potential resolution. *See* ECF No. 30 at 4.

[3] As a colleague has noted, "[i]n this district, courts have recently read *Kohler* to have resolved the split regarding whether the heightened 'plausibility' requirement set out in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),] and [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009),]

does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses." *Gibson Wine Co.*, 2016 WL 1626988, at *5 (internal quotation marks and citations omitted). "Simply identifying an affirmative defense by name does not provide fair notice of the *nature* of the defense or how it applies in [the] action . . . ." *Bd. of Trs. of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*, No. 13-01545, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014) (emphasis in original). In alleging fraud, including in an affirmative defense, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Gold Club-SF, LLC v. Platinum SJ Enter.*, No. 13-03797, 2013 WL 6248475, at *3 (N.D. Cal. Dec. 3, 2013). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and citation omitted).

"Motions to strike are disfavored in part because of the limited importance of pleading in federal practice," *Staggs*, 2016 WL 880960, at *4 (citation omitted), a proposition still valid after the Supreme Court's decisions in *Twombly* and *Iqbal*. Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *See Wyshak*, 607 F.2d at 826 (citing Fed. R. Civ. P. 15(a)(2); other citations omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("stress[ing] Rule 15's policy of favoring amendments").

---

modifies the 'fair notice' standard traditionally applied to affirmative defenses; they found that it does not." *United States v. Gibson Wine Co.*, No. 15-1900, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016) (citing *Staggs v. Doctor's Hosp. of Manteca, Inc.*, No. 11-00414, 2016 WL 880960, at *3 (E.D. Cal. Mar. 8, 2016), and *Deleon v. Elite Self Storage Mgmt., LLC*, 2016 WL 881144, at *1–2 (E.D. Cal. Mar. 8, 2016)); *see also Lexington Ins. Co. v. Energetic Lath & Plaster, Inc*., No. 15-00861, 2015 WL 5436784, at *12 (E.D. Cal. Sept. 15, 2015). By contrast, "[c]ourts in the Northern District continue to apply the plausibility standard." *Gibson Wine Co.*, 2016 WL 1626988, at *5 (collecting cases). Here, consistent with its prior practice, this court does not apply the plausibility standard, because it finds the *Kohler* court's requirement that the defense be described in "general terms" is inconsistent with the heightened "plausibility" standard. *See id.*

3

II. <u>DISCUSSION</u>

Defendants' proposed amendments in the form of removing affirmative defenses numbered 1, 7, 8, and 10 and adding factual allegations to support the affirmative defense numbered 6 would cure the deficiencies raised in CBC's motion to strike with respect to those defenses. *See* ECF Nos. 28 & 31. CBC agrees to withdraw its motion with respect to those defenses to the extent the court allows the proposed amendments. ECF No. 32 at 2, 6–7. Good cause appearing, and in light of the Federal Rules' policy of favoring amendments, the court GRANTS defendants leave to make the proposed amendments with respect to affirmative defenses numbered 1, 6, 7, 8, and 10. *See* Fed. R. Civ. P. 15(a)(2); *Wyshak*, 607 F.2d at 826. The court DENIES AS MOOT CBC's motion to strike affirmative defenses numbered 1, 6, 7, 8, and 10.

CBC argues affirmative defenses numbered 2, 3, 4, and 5 remain deficient as pled in the proposed amended answer, and the proposed additional affirmative defense for failure to mitigate damages fails as a matter of pleading. ECF No. 32 at 2–6, 10. The court addresses each affirmative defense in turn.

   A.   <u>Second Affirmative Defense: Unclean Hands/Fraud</u>

The Second Affirmative Defense initially provided, "All of California Brewing's claims fail because its registered trademark is was [sic] obtained through fraud and is invalid." Answer at 7, ECF No. 24. Defendants propose the following amended defense:

> California Brewing affirmed, under oath, that it was using the BEACH BLONDE ALE mark in connection with actual sales of beer at least as early as October 2007. That was a lie. California Brewing did not use the BEACH BLONDE ALE mark in commerce until many years later, in 2014. In granting a federal registration, the US Patent & Trademark Office relied on California Brewing's false statement that it was using the BEACH BLONDE ALE mark on beer that California Brewing was selling in commerce. Since California Brewing was not selling any beer until seven years after filing the application, the federal trademark registration for BEACH BLODNE [sic] ALE was void from the beginning. Therefore, all of California Brewing's claims fail because its registered trademark is was [sic] obtained through fraud and is invalid.

Proposed Am. Answer at 7 ("First Affirmative Defense: Unclean Hands/Fraud").

4

These allegations do not meet Rule 9(b)'s particularity requirements for averments of fraud. The court therefore STRIKES this affirmative defense. However, it appears defendants could satisfy Rule 9(b)'s pleading requirements by incorporating other allegations pled in the proposed amended answer and counterclaim. *See* Proposed Am. Answer at 12–17. Accordingly, the court GRANTS defendants leave to amend this affirmative defense to add or incorporate additional factual allegations.

B.      Third Affirmative Defense: Acquiescence, Implied Consent, Estoppel and Waiver

The Third Affirmative Defense initially provided, "California Brewing's claims are barred by acquiescence, implied consent, estoppel and/or waiver." Answer at 8. Defendants propose the following amended defense:

> California Brewing's claims are barred by acquiescence, implied consent, estoppel and/or waiver, because it has permitted third parties to use the BEACH BLONDE ALE mark without proper quality controls. California Brewing acquiesced or gave implied consent to 3 Daughters Brewing's use of BEACH BLONDE ALE by failing to object to its use even though California Brewing knew that 3 Daughters Brewing was making actual use of the mark in commerce. In failing to object to such use, California Brewing has waived any rights in the mark and is estopped from seeking any relief related thereto.

Proposed Am. Answer at 7–8 ("Second Affirmative Defense: Implied Consent, Estoppel and Waiver").

To establish an acquiescence defense, a defendant must plead: "(1) the senior user actively represented that it would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010). Defendants' answer and proposed amended answer allege no facts showing active consent or undue prejudice. The allegation regarding lack of proper quality controls is irrelevant to the referenced defenses.

As this court previously has observed, "to establish a defense of estoppel, a party must show that the adverse party, either intentionally or under circumstances that induced reliance, engaged in conduct upon which [the relying party] relied and that the relying party acted

5

or changed [its] position to [its] detriment." *Lexington Ins. Co.*, 2015 WL 5436784, at *14 (citation omitted; alterations in *Lexington*); *see Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 59 (1984). Defendants' answer and proposed amended answer allege no facts with respect to CBC's inducement or defendants' detrimental reliance.

To establish a defense of waiver, a defendant must show the plaintiff "intentionally relinquished or abandoned a known right." *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. 11-197, 2011 WL 3809933, at *2 (C.D. Cal. Aug. 25, 2011) (citing *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997)). Defendants' answer and proposed amended answer likewise merely reference the legal doctrine of waiver without stating the factual basis giving rise to the defense.

Even under the low "fair notice" standard, the pleadings are insufficient. The court STRIKES the third affirmative defense. However, because it appears defendants could allege additional facts to support these doctrines, the court GRANTS defendants leave to amend.

    C.    Fourth Affirmative Defense: Laches

The Fourth Affirmative Defense initially provided, "California Brewing's claims are barred because of the doctrine of laches." Answer at 8. Defendants propose the following amended defense:

> California Brewing's claims are barred because of the doctrine of laches because it failed to take any action or launch any objection to 3 Daughters Brewing's use of the Mark until long after it became aware that 3 Daughter [sic] Brewing was using the Mark. California Brewing's delay in bringing suit caused substantial prejudice to 3 Daughters Brewing and LMMML. Accordingly, California Brewing's delay and the resultant prejudice to 3 Daughters Brewing and LMMML results in an equitable bar to California Brewing's claims in this action.

Proposed Am. Answer at 8 ("Third Affirmative Defense: Laches").

"To establish the defense of laches, a defendant must allege neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *Lexington Ins. Co.*, 2015 WL 5436784, at *12 (citation and internal quotation marks omitted). Here, the answer and proposed amended answer provide no factual allegations showing how defendants

6

1  were prejudiced.  As with the acquiescence defense, the laches defense is insufficient as a matter

2  of pleading.  The court STRIKES the fourth affirmative defense but GRANTS defendants leave

3  to amend to allege additional facts if they can do so consonant with Rule 11.

4       D.      <u>Fifth Affirmative Defense: Unclean Hands</u>

5       The Fifth Affirmative Defense initially provided, "California Brewing obtained its

6  federal trademark registration through fraud and any claims based on the federal registration are

7  barred by the doctrine of unclean hands."  Answer at 8.  Defendants propose the following

8  amended defense:

> California Brewing affirmed, under oath, that it was using the BEACH BLONDE ALE mark in connection with actual sales of beer at least as early as October 2007.  That was a lie.  California Brewing did not use the BEACH BLONDE ALE mark in commerce until many years later.  In granting a federal registration, the US Patent & Trademark Office relied on California Brewing's false statement that it was using the BEACH BLONDE ALE mark on beer that California Brewing was selling in commerce.  Since California Brewing was not selling any beer until seven years after filing the application, the federal trademark registration for BEACH BLODNE [sic] ALE was void from the beginning.  California Brewing obtained its federal trademark registration through fraud and any claims based on the federal registration are barred by the doctrine of unclean hands.

17  Proposed Am. Answer at 8–9 ("Fourth Affirmative Defense: Unclean Hands").

18       This defense is nearly identical to defendants' Unclean Hands/Fraud Affirmative

19  Defense.  For the same reasons discussed above, the court STRIKES this defense but grants

20  defendants leave to amend to add or incorporate additional factual allegations.

21       E.      <u>Proposed Additional Affirmative Defense for Failure to Mitigate Damages</u>

22       Defendants seek to add the following defense: "California Brewing has failed to

23  mitigate its damages, if there by [sic] any."  Proposed Am. Answer at 9 ("Seventh Affirmative

24  Defense: Failure to Mitigate Damages").  "[C]ourts have held that a generalized statement meets

25  [a] defendant's pleading burden with respect to the affirmative defense of damage mitigation."

26  *Lexington*, 2015 WL 5436784, at *13 (quoting *Bd. of Trs. of San Diego Elec. Pension Trust v.*

27  *Bigley, Elec., Inc.*, No. 07–634, 2007 WL 2070355, at *3 (S.D. Cal. July 12, 2007)); *see also*

28  *Desert European Motorcars, Ltd.*, 2011 WL 3809933, at *2.  As such, although this proposed

affirmative defense contains a generalized statement, defendants have met their pleading burden of fair notice.  The court GRANTS defendants leave to amend to add this defense.

III.     CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART each motion, as follows:

The court GRANTS defendants leave to make the proposed amendments with respect to affirmative defenses numbered 1, 6, 7, 8, and 10.  The court DENIES AS MOOT CBC's motion to strike affirmative defenses numbered 1, 6, 7, 8, and 10.

The court GRANTS CBC's motion to strike affirmative defenses numbered 2, 3, 4, and 5.  However, the court GRANTS defendants leave to amend these defenses to add additional supporting allegations, as specified above.  The court also GRANTS defendants' motion to amend the answer to add the proposed affirmative defense of failure to mitigate damages.  An amended answer shall be filed within fourteen (14) days of the issuance of this order.

This order resolves ECF Nos. 28, 31, and 32.

IT IS SO ORDERED.

DATED: July 25, 2016.

_____
UNITED STATES DISTRICT JUDGE