Christian W. Liedtke (SBN 297523)
cw.liedtke@acuminis.biz
acuminis pc
3420 Bristol Street, 6th Floor
Costa Mesa, CA 92626
Phone: (949) 698-7840
Facsimile: (949) 698-7861

Attorney for Plaintiff, California Brewing Company, Inc.

Steven M. Berman (SBN 256846)
sberman@slk-law.com
Suzette M. Marteny (admitted *pro hac vice*)
smarteny@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33601
Phone: (813) 227-2272
Facsimile: (813) 229-1660

Attorneys for Defendants, 3 Daughters Brewing, LLC and LMMML, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| California Brewing Company, a California Corporation,<br><br>    Plaintiff/ Counter Defendant,<br><br>    v.<br><br>3 Daughters Brewing, LLC, a Florida Limited Liability Company,<br><br>and<br><br>LMMML, LLC, a Florida Liability Company,<br><br>    Defendants/ Counterclaimants. | No.  2:15-cv-02278-KJM-CMK<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**<br><br>Hon. Kimberly J. Mueller |

1

[PROPOSED] PROTECTIVE ORDER

Plaintiff and Counterdefendant CALIFORNIA BREWING COMPANY ("Plaintiff" or "CBC") and Defendants and Counterclaimants 3 DAUGHTERS BREWING, LLC AND LMMML, LLC ("Defendants" or "3D") recognize that disclosure and discovery in this action are likely to involve sensitive financial or business information or proprietary information that has not been disseminated to the public, is not readily discoverable by competitors, has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. The parties therefore agree to and petition the Court to enter this Stipulated Protective Order. The purpose of this Order is to protect the confidentiality of such materials as much as practicable during the litigation. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that its protection extends only to the limited information that is entitled to confidential treatment.

**GOOD CAUSE STATEMENT**

Good cause exists for this Court to enter the Stipulated Protective Order because disclosure of the parties' confidential information could harm the parties financially and allow competitors to gain unfair advantage. For example, competitors could gain an unfair advantage over the parties if they learn the parties' confidential information, such as financial information, sales information, business and marketing strategy, or information concerning business operations. Such information would allow others to unfairly compete in the market and usurp the parties' business opportunities, to the detriment of the parties. Good cause further exists in that this Stipulated Protective Order will allow for the parties to disclose documents that may be required for the litigation of this matter without suffering an economic and business detriment that would result from the disclosure of confidential information to the parties' competitors and/or to the public.

1. <u>Acknowledgment of Jurisdiction:</u> All counsel for the parties who have access to information or material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order. Unless otherwise specified by the

1  Court, the Court retains jurisdiction throughout litigation and following termination of this action
2  to enforce this Order, and to make such amendments, modifications, deletions and additions to
3  this Order as the Court deems appropriate.

4       2.    <u>Applicability</u>: This Order shall apply to all information and materials, including
5  but not limited to documents, produced during discovery in this action that shall be designated by
6  the party or person producing it as "Confidential" or "Confidential-Attorneys' Eyes Only"
7  (collectively "Confidential Information"). This Order shall not apply to information, unless the
8  parties agree otherwise in writing, that, before disclosure, is properly in the possession or
9  knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions
10 contained in this Order shall not apply to information that is, or after disclosure becomes, public
11 knowledge other than by an act or omission of the party to whom such disclosure is made, or that
12 is legitimately acquired from a source not subject to this Order.

13      3.    <u>Scope</u>: All "Confidential" and "Confidential-Attorneys' Eyes
14 Only" information exchanged during the course of litigation shall only be used for the purpose of
15 this litigation.

16      4.    <u>Documents</u>: "Documents" means documents, portions of documents, answers to
17 interrogatories, responses to requests for admission, depositions and other oral testimony,
18 transcripts, affidavits, expert reports, legal briefs or memoranda, and information derived
19 therefrom, and all material within the meaning of Federal Rule of Civil Procedure 34(a) and
20 Federal Rules of Evidence 1001, but shall be limited to material produced or exchanged in this
21 litigation.

22      5.    <u>Right to Designate</u>: In connection with discovery proceedings in this
23 action, any Party to this action may designate information or materials produced by that party as
24 "Confidential" or "Confidential-Attorneys' Eyes Only" under the terms of this Order. This Order
25 is also applicable to additional parties that may be joined in the future, as well as any third parties
26 required to respond to discovery in this action who execute a copy of Exhibit A hereto. Any
27 materials produced, given or served pursuant to discovery requests in this litigation and
28 designated by the producing party as "Confidential" or "Confidential-Attorneys' Eyes Only," or

any information contained in or derived from any of the foregoing materials, shall be subject to the provisions of this Order.

6. <u>Applicability to Party's Own Information:</u> This Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. This includes but is not limited to disclosure to the party's own officers, directors, employees, shareholders, and attorneys. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge (see paragraph 10 below). Similarly, the Protective Order shall not preclude a party from showing information or materials it created or owned prior to designating such information or materials "Confidential" or "Confidential - Attorneys' Eyes Only" to its own officers, directors, employees, shareholders, or attorneys. Moreover, the Protective Order shall not preclude a party from disclosing, showing or otherwise utilizing its own information that has been filed under seal by the opposing party.

7. <u>Responsibility of Counsel:</u> All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for the Parties shall be responsible for restricting disclosure of designated materials in accordance with the provisions of this Order. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

8. <u>"Confidential" Designation:</u> A "Confidential" designation is defined as including without limitation, any document (or portion thereof), thing, testimony, data, file, information, or other material that contains or reflects proprietary or confidential information that either party desires not to be made public. This definition encompasses materials obtained from any source, including information originating from a third party in which reasonable steps were taken to keep the information confidential, and may include personal information, the disclosure of which may violate the right of privacy or threaten harm to an individual. As a general guideline, a document should be designated "Confidential" when it contains confidential business, technical or other

information that may be reviewed by the receiving party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. By designating information as "Confidential," the designating party represents that such designation is based upon a good faith belief that the designated material is entitled to protection under the California Code of Civil Procedure, the Federal Rules of Civil Procedure and applicable case law.

9.  <u>"Confidential-Attorneys' Eyes Only" Designation"</u>: A "Confidential-Attorneys' Eyes Only" designation is defined as including without limitation, any or any portion of a non-public document, thing, testimony, data, file, information, or other material that constitutes or contains proprietary, trade secret, confidential, business, operational, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the designation. This definition encompasses materials obtained from any source, including information originating from a third party. A document may be designated "Confidential-Attorneys' Eyes Only" only when it contains financial information; cost information; pricing information; sales information; trade secret information; customer, license, supplier, and vendor information; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the producing party at a competitive disadvantage if the information became known to the receiving party, its employees or third parties. By designating information as "Confidential-Attorneys' Eyes Only," the designating party represents that such designation is based upon a good faith belief that the designated material is entitled to protection under the California Code of Civil Procedure, the Federal Rules of Civil Procedure and applicable case law.

10. <u>Creating a Designation</u>: "Confidential" or "Confidential-Attorneys' Eyes Only" designations for hard copies of documents or other materials shall be created by including a stamp of "Confidential" or "Confidential-Attorneys' Eyes Only" on each page for which confidentiality is claimed. All copies, extracts, compilations and summaries of materials stamped "Confidential" or "Confidential-Attorneys' Eyes Only" shall automatically receive the same designation as the corresponding originals. In connection with a discovery response, the legend "Confidential" or

"Confidential-Attorneys' Eyes Only" (in such a manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party. With respect to any materials not produced in paper form and that are not susceptible to the imprint of a stamp, the producing party shall make the designation in a way that places the other party on notice of the designation. To the extent possible, such material shall be produced with a cover labeled with the desired designation and its scope.

11. <u>Retroactive Designation</u>: All information or materials produced prior to the execution of this Protective Order and designated as "Confidential" or "Confidential-Attorneys' Eyes Only" are presumed to retroactively hold that designation unless de-designated in writing within thirty days of the entry of this Order.

12. <u>Subsequent designation</u>: In the unlikely event, that the parties or counsel inadvertently fail to designate materials as "Confidential" or "Confidential-Attorneys' Eyes Only," designations have not been applied at the time of disclosure, subsequent designation is possible within fourteen days from the time of the initial disclosure and in the following manner: (1) counsel for the parties to whom such documents, testimony, or other information have been disclosed must be advised in writing via e-mail and Priority Mail Express of the new designation; (2) the designation applies only as of the date and time of receipt of notice by each person notified; (3) counsel for the parties receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any document distributed inconsistent with such new designation, but shall not be responsible for any disclosure to nonparties occurring before receipt of notice described under (1) immediately above; and (4) counsel for the designating party will provide counsel for the party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the designation.

13. <u>Inadvertent Disclosure</u>: The inadvertent or unintentional disclosure by a party of "Confidential" or "Confidential-Attorneys' Eyes Only" information or materials, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information

1   disclosed or as to any other information relating thereto or on the same or related subject matter,
2   provided that the Disclosing Party uses its best efforts to immediately (1) retrieve the
3   "Confidential" or "Confidential-Attorneys' Eyes Only" information and/or materials from the
4   inadvertent recipient and ensure that the inadvertent recipient does not retain any copies thereof;
5   (2) bind the inadvertent recipient to the terms of this Order; and (3) immediately notify the
6   Designating Party of such disclosure by e-mail and Priority Mail Express. To bind the inadvertent
7   recipient to the terms of this Protective Order, the Disclosing Party shall (a) promptly inform such
8   person of all the provisions of this Order; (b) identify such person immediately to the Designating
9   Party by e-mail and Priority Mail Express; (c) request the inadvertent recipient to sign the
10  agreement in the form attached hereto as Exhibit A. The executed agreement shall be promptly
11  served by e-mail and Priority Mail Express upon the Designating Party. Notwithstanding the fact
12  that the unauthorized party may agree to be bound by the provisions of this Protective Order, the
13  disclosing party shall not disclose any further "Confidential" or "Confidential-Attorneys' Eyes
14  Only" information or materials to the inadvertent recipient.

15        14.   <u>Inadvertent Production of Privileged Material:</u> If, after producing documents or
16  materials in this action, a producing party discovers that the documents or materials include
17  information that is properly subject to protection under the attorney-client privilege or the
18  attorney work product doctrine, the producing party shall immediately notify the receiving party
19  in writing by e-mail and Priority Mail Express that the documents or materials were inadvertently
20  produced and properly subject to protection under the attorney- client privilege or the attorney
21  work product doctrine. Such notice is to be given by e-mail and Priority Mail Express. Upon
22  receiving such written notice from the producing party that privileged information or attorney
23  work product material has been inadvertently produced, all such information, and all copies
24  thereof, either shall be promptly returned to the producing party, or shall be destroyed and the
25  receiving party shall promptly provide the producing party with notice that all such documents
26  have been destroyed. If the receiving party disagrees with the designation of any such documents
27  or materials as privileged or otherwise protected after conferring with the producing party in good
28  faith, the receiving party shall nonetheless return such documents or materials to the producing

7

party as specified above, but may move the Court for production of the returned documents or materials. The producing party shall retain all returned documents or materials for further disposition but shall make them available to the Court, if necessary, to enable the Court to decide any such motion.

15.  <u>Effect of a "Confidential" Designation</u>: Access to information or materials designated by a party to this action as "Confidential" and copies, extracts, compilations, and summaries thereof, as well as the information therein, shall be limited to the following individuals: (1) Parties to the above-captioned action; (2) counsel for the Parties in this action (attorneys employed or retained by the Parties who are involved in the prosecution or defense of the claims advanced in this action; as well as their respective paralegal, technical, administrative, secretarial and clerical personnel) (3) the Court, including court reporters, court officers, jurors, or other authorized court personnel; (4) mock jurors or jury consultants retained by the Parties or their counsel; (5) independent consultants and experts retained by the Parties or their counsel; (6) other vendors related to this action retained by the Parties or their counsel. For the purpose of this Order, an independent expert or consultant ("Expert" or "Consultant") shall be defined as a person who has not been and is not an employee of a party or scheduled to become an employee in the future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party. All authorized persons shall adhere to the requirement that designated materials, and the information contained therein be kept confidential with respect to unauthorized individuals. Each person identified under (1)-(6) immediately above, before having access to the Confidential information or materials, shall agree not to disclose to anyone not exempted by this Order any Confidential information or materials and not to make use of any such Confidential information or materials other than solely for purpose of this litigation, and shall acknowledge in writing by signing the Agreement to be Bound by Protective Order in the form of Exhibit A attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Counsel shall retain in his/her file until at least the conclusion of this litigation a copy of each such signed Agreement to be Bound by Protective Order.

16. <u>Effect of a "Confidential-Attorneys' Eyes Only Designation"</u>: Access to information or materials designated by a party to this action as "Confidential-Attorneys' Eyes Only" and copies, extracts, compilations, and summaries thereof, as well as the information therein, shall be limited to the following individuals: (1) counsel for the Parties in this action (attorneys employed or retained by the Parties who are involved in the prosecution or defense of the claims advanced in this action; as well as their respective paralegal, technical, administrative, secretarial and clerical personnel); (2) the Court, including the court reporters, court officers, jurors, or other authorized court personnel; (3) mock jurors or jury consultants retained by the Parties or their counsel; (4) independent Consultants and Experts retained by the Parties or their counsel (5) other vendors related to the litigation retained by the Parties or their counsel. All authorized persons shall adhere to the requirement that designated materials, and the information contained therein, be kept confidential with respect to unauthorized individuals. All authorized persons shall adhere to the requirement that designated materials, and the information contained therein be kept confidential with respect to unauthorized individuals. Each person identified under (1)-(5) immediately above, before having access to the "Confidential-Attorneys' Eyes Only" information or materials, shall agree not to disclose to anyone not exempted by this Order any Confidential information or materials and not to make use of any such "Confidential-Attorneys' Eyes Only" information or materials other than solely for purpose of this litigation, and shall acknowledge in writing by signing the Agreement to be Bound by Protective Order in the form of Exhibit A attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Counsel shall retain in his/her file until at least the conclusion of this litigation a copy of each such signed Agreement to be Bound by Protective Order.

17. <u>Use of Designated Material in Pre-Trial Proceedings:</u> If any papers to be filed with the Court, including but not limited to pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, paraphrase, summarize, or otherwise contain any information designated as "Confidential" or "Confidential-Attorneys' Eyes Only," the proposed filing shall be accompanied by an application

to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal pursuant to Local Rule 141; and the application shall be directed to the judge to whom the papers are directed.

18.     <u>Deposition Testimony:</u> Depositions shall be taken only in the presence of authorized individuals pursuant to the provisions of this Order. Any party may designate a deposition or portion thereof as "Confidential" or "Confidential-Attorneys' Eyes Only" by doing so on the record at the deposition or by serving written notice of the page and line of the confidential deposition portions, within ten days of receiving the final transcript. Until the ten-day period to designate the deposition has passed, the entire transcript shall be treated as "Confidential," unless the Parties otherwise agree. A party may also orally designate testimony during the course of a deposition by making a statement to that effect, on the record at the deposition. In this case, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation. Any individuals attending the deposition must leave the room prior to discussion of whether material is designable if that person would not be an authorized person as to that material under Paragraphs 16 and 17 of this Order. No designated portions of deposition testimony shall be filed with the Court unless under seal pursuant to Paragraph 18 of this order.

19.     <u>Use of Designated Material at Trial:</u> No material shall lose its confidential status through use during any pretrial proceeding in this action, and the party using the materials shall take all reasonable steps to maintain confidentiality during such use, including without limitation, requesting that the Court seal any transcript with respect to that proceeding. Any party may move the Court orally or in writing for an order that the evidence be received in camera at the hearing or under other conditions to prevent disclosure. The Court then will determine whether the proffered evidence should be treated as confidential and, if so, what protections shall be afforded to any such Document at the hearing. Subject to the Federal Rules of Evidence, any material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" may be offered in evidence at any hearing or trial proceeding in this action. At the time of trial, the Parties shall meet and confer, and if necessary, submit appropriate motions to the Court setting forth their respective

positions as to the designations.

20. <u>Non-Parties:</u> If material in the possession or control of a Party involves the confidentiality rights of a nonparty, or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the nonparty to disclose the information under this Protective Order. If the consent of the nonparty cannot be obtained, the Party will notify the Party seeking discovery of (1) the existence of the information without producing such information; and (2) the identity of the nonparty (provided, however, that such disclosure of the identity of the nonparty does not violate any confidentiality obligations). The Party seeking discovery may then make further application to the nonparty or seek other means to obtain such information.

21. <u>Confidential Information Produced by Non-Parties:</u>  The terms of this Protective Order are applicable to "Confidential" information or materials or "Confidential-Attorneys' Eyes Only" information or materials produced by a nonparty, and "Confidential" information or materials or "Confidential-Attorneys' Eyes Only" information or materials produced by a nonparty in connection with this action is protected by the remedies and relief provided by this Protective Order. To protect its own confidential information or materials, a party may ask a nonparty to execute the Agreement to be bound by this Protective Order in the form of Exhibit A.

22. <u>Limitation of Use:</u> Any "Confidential" information or materials or "Confidential-Attorneys' Eyes Only" information or materials subject to this Protective Order shall be used by the party to which it is disclosed solely for purposes of, and only in connection with, the prosecution or defense of this lawsuit or related claims by the Parties. Each person to whom "Confidential" information or materials or "Confidential-Attorneys' Eyes Only" information or materials is disclosed is hereby enjoined from using that information or material for any other purpose or for any other case, proceeding, or dispute. Further, no person receiving or reviewing "Confidential" information or material or "Confidential-Attorneys' Eyes Only" information or material subject to this Protective Order shall disclose it or its contents to any person other than as provided in this Protective Order. Notwithstanding the aforesaid, nothing in this Protective Order shall be deemed to restrict the Parties' ability to use its own documents, or documents obtained

...

outside this action, for any purpose.

23. <u>Disclosure in Other Proceedings</u>: If any party (1) is subpoenaed in another action, (2) is served with a demand in another action to which it is a party, or (3) is served with any other legal process by one not a party to this action, seeking information or material which was designated "Confidential" or "Confidential-Attorneys' Eyes Only" by someone other than that party, the party shall object to its production and give prompt written notice, by hand, facsimile transmission or email, within three business days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Confidential-Attorneys' Eyes Only." If the party that produced or designated the information or material "Confidential" or "Confidential-Attorneys' Eyes Only" objects to disclosure, that party shall communicate its objection in writing to the party that propounded the subpoena, with a copy to the party that received the subpoena, and file an appropriate motion with the Court within five days of the date it received notice of the subpoena. Should the person seeking access to the information or material take action against the party or anyone else covered by this protective order to enforce such a subpoena, demand, or other legal process, the parties shall respond by setting forth the existence of this protective order. Nothing herein shall be construed as requiring the party or anyone else covered by the protective order to challenge or appeal any order requiring production of information or material covered by this protective order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this or any other court. Nothing in this Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action or any other lawful request (such as one under the Patriot Act) by a governmental agency.

24. <u>Dispute Resolution</u>: If at any stage of the proceedings in this action, a Receiving Party disagrees with or otherwise objects to the designation of any document, discovery response, or deposition or other testimony as "Confidential" or "Confidential-Attorneys' Eyes Only", the parties shall first try to resolve their dispute in good faith. Specifically, the Receiving Party who objects to a designation shall state the objection by letter or by means of an electronic communication such as email to counsel for the Designating Party. Once informed of an allegedly

improper designation, the Designating Party has two business days to respond and provide its bases for the asserted designation. Within two business days thereafter, the parties must conduct a good faith telephone conference to discuss the continued validity of the asserted designation. If the objection is not resolved through this good faith conference or if the good faith conference does not take place due to the failure of the Designating Party, the Receiving Party may move the Court to determine whether the document, discovery response or deposition or other testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys' Eyes Only." The Receiving Party's motion must be accompanied by a written stipulation of the parties as required by Local Rule 251(b). If the Receiving Party files such a motion, the document, discovery response, or deposition or other testimony at issue will continue to be entitled to the protections accorded by this Order until and unless the Court rules otherwise. The party seeking to maintain the Document's confidentiality bears the burden of demonstrating that it is entitled to protection under Federal Rule of Civil Procedure 26(c). A party shall not be obligated to challenge the propriety of the designation of any document, discovery response or deposition or other testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable time. Further, a party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any document, discovery response or deposition or other testimony to the Court for any purpose.

25. <u>Violation of this Protective Order:</u> In case anyone violates or threatens to violate the terms of this Protective Order, the aggrieved party may apply to the Court for injunctive relief to prevent a violation of this Protective Order. The parties agree that there is no adequate legal remedy for a violation or threatened violation of this Protective Order. The parties and any other person subject to the terms of this Protective Order further agree that the Court shall retain jurisdiction to enforce this Protective Order. Any person who moves to enforce this Protective Order and prevails shall be entitled to the costs and reasonable attorneys' fees incurred in doing so.

26. <u>Termination of Action:</u> Absent written permission of the Designating Party or

order of the Court, the provisions of this Protective Order shall continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within thirty (30) days after final disposition of this action by judgment, dismissal or otherwise, the expiration of time for all appeals and all appeals therefrom, each party shall: (1) return to opposing counsel all documents and materials designated by the opposing party as "Confidential" or "Confidential-Attorneys' Eyes Only" and all copies of such documents and materials, and also shall destroy all abstracts, digests and analyses thereof, however stored or reproduced; or (2) destroy all documents and materials designated by the opposing party as "Confidential" or "Confidential-Attorneys' Eyes Only" and all copies of such documents and materials, destroy all abstracts, digests and analyses thereof, however stored or reproduced, and provide certification to opposing counsel that all such documents and materials have been destroyed. All extracts from "Confidential" or "Confidential-Attorneys' Eyes Only" material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each recipient of the material and a certificate of their destruction will be provided to the Designating Party. The termination of proceedings in this action shall not relieve any person to whom "Confidential" or "Confidential-Attorneys' Eyes Only" information or materials has been disclosed from the obligation of maintaining the confidentiality of information protected by this Protective Order. Any "Confidential" or "Confidential-Attorneys' Eyes" Only information or materials received from non-parties will be destroyed by the receiving parties within thirty (30) days after the expiration of time for all appeals for this litigation.

Notwithstanding the foregoing, Counsel for each Party may retain "Confidential" and "Confidential-Attorneys' Eyes Only" material in the form of pleadings, other documents filed with the Court, correspondence, discovery requests and responses, deposition transcripts of its own client's witnesses, trial transcripts and exhibits, and attorney work product, provided that such counsel and employees of such counsel not disclose any such information and material designated as "Confidential" or "Confidential- Attorneys' Eyes Only" information contained in such pleadings, correspondence, discovery requests and responses, transcripts and exhibits, or attorney work product to any person or entity except pursuant to a written agreement with the

producing party of the information or material or unless compelled to do so by law. All materials returned to the parties or their counsel by the Court likewise shall be disposed of or retained in accordance with this paragraph.

27. <u>Modification:</u> It is the current intention of the Parties that the provisions of this Protective Order shall govern discovery, pre-trial and trial proceedings in this action. Nevertheless, each party hereto shall be entitled to seek modification or interpretation of this Protective Order by application to the Court on written notice to the other Parties for good cause. Alternatively, this Protective Order may be modified or amended by agreement of the Parties hereto. If such an application is made or if such an agreement is reached, all persons described herein shall be bound by this Protective Order until it is modified by the Court.

28. <u>No Waiver or Limitation of Rights:</u> Neither the taking or the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any Party's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential material of any party. This Protective Order shall not prejudice the right of the Parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under California Code of Civil Procedure § 2031.060 for a separate Protective Order as to any particular document or information, including restrictions differing from those as specified under this Protective Order. Furthermore, this Protective Order shall not in any way abrogate or diminish any contractual, statutory, or other legal obligation or right or defense of any Party or person, nor obligate any Party or person to provide any discovery to which it asserts objections. Moreover, this Protective Order is not a waiver of any party's right to object to discovery requests, other than those related to trade secrets or other confidential information claims or the admission of evidence on any grounds.

29. <u>No Admission:</u> Adherence to this Protective Order in no way constitutes an

admission by any party that: (1) any information provided in this action and not subject to this Protective Order is not proprietary or confidential or (2) any information received in this action and treated in accordance with this Protective Order is proprietary or confidential.

30. <u>Execution:</u> This Protective Order may be executed in counterparts and by facsimile or "pdf" file, with all counterpart and facsimile signatures deemed to be one document.

SO STIPULATED:

Agreed to this 3rd day of July 2016.

Dated: October 3, 2016

acuminis pc

/s/ Christian W. Liedtke
Christian W. Liedtke

*Attorney for Plaintiff California Brewing Company*

Dated: October 3, 2016

Shumaker Loop & Kendrick, LLP

/s/ Suzette M. Marteny
Steven M. Berman
Suzette M. Marteny (admitted *pro hac vice*)

*Attorneys for Defendants, 3 Daughters Brewing, LLC and LMMML, LLC*

**IT IS SO ORDERED.**

Dated:  October 7, 2016

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare, say, and acknowledge that:

1. I am employed as _____ by _____.

2. I have read the Stipulated Protective Order in *California Brewing Company, Inc. v. 3 Daughters Brewing LLC, et. al.*, Case No. 2:15-cv-02278-KJM-CMK, pending in the United States District Court for the Eastern District of California, and have received a copy of the Stipulated Protective Order ("Protective Order").

3. I hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by court order.

4. I promise that I will use any and all "Confidential" or "Confidential-Attorneys' Eyes Only" information and materials, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

5. I promise that I will not disclose or discuss such "Confidential" or "Confidential-Attorneys' Eyes Only" information or materials with anyone other than the persons authorized in accordance with paragraphs 16-17 of the Protective Order.

6. When I have completed my assigned or legal duties relating to this litigation, I will return to counsel for the party by whom I am employed or retained or destroy all confidential documents, materials and things in my possession, or that I have prepared relating to such documents and things. I acknowledge that such return or destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

7. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order and resolution of any matters pertaining to this Protective Order. My address is:

_____

_____

8. I understand that any disclosure or use of "Confidential" or "Confidential – Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____, _____ at _____.

Signature: _____

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of Orange, State of California. I am a member of the State Bar of California and of the above entitled Court. My office address is 3400 Bristol Street, 6th Floor, Costa Mesa, CA 92626.

On October 3rd, 2016, I served the following document (attached hereto):

**[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**

**(XX)   VIA CM/ECF FILING SYSTEM.**  The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Eastern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on October 3, 2016:

STEVEN M. BERMAN
SHUMAKER, LOOP & KENDRICK, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33601

Executed on October 3rd, 2016, at Costa Mesa, California

/s/Christian W. Liedtke
Christian W. Liedtke