UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA BREWING COMPANY, a California corporation,<br><br>        Plaintiff and Counter-Defendant,<br><br>v.<br><br>3 DAUGHTERS BREWING, LLC, a Florida Limited Liability Company; LMMML, LLC, a Florida Liability Company,<br><br>        Defendant and Counter-Claimants. | No. 2:15-cv-02278-KJM-CMK<br><br>ORDER |

      This matter is before the court on the motion to set aside the clerk's entry of default by plaintiff/counter-defendant California Brewing Company ("CBC"). Mot. Set Aside Default (Mot.), ECF No. 40. The Clerk certified an entry of default on September 2, 2016 after CBC failed to timely respond to counterclaims by defendants/counter-claimants 3 Daughters Brewing, LLC ("3DB") and LMMML, LLC ("LM"). *See* Entry of Default (Default), ECF No. 38; Defs.' App. for Entry of Default (Defs.' App.), ECF No. 37. CBC's motion is unopposed, and the motion was submitted without a hearing. As explained below, the motion is GRANTED.

/////

1

I.     BACKGROUND

This action arises from the defendants' alleged use of plaintiff's "Beach Blonde Ale" mark. *See* Order, ECF No. 23.[1]

Plaintiff CBC filed a complaint on November 2, 2015. Compl., ECF No. 1. Defendants filed a motion to dismiss and transfer venue on December 3, 2015. The court denied the motion on April 19, 2016. Mot. Dismiss, ECF No. 10; Order, ECF No. 23. On May 2, 2016, defendants filed an answer, affirmative defenses, and counterclaim. Answer, Aff. Defenses, Counterclaim (Counterclaim), ECF No. 24. Although plaintiff filed a timely answer to defendants' counterclaim on May 23, 2016, the court subsequently granted the defendants' motion to amend the answer and counterclaim. Pl.'s Answer, ECF No. 29; Order, ECF No. 35.

Defendants filed their amended answer and counterclaim on August 8, 2016. Am. Answer, ECF No. 36. On September 1, 2016, defendants applied for an entry of default, noting that plaintiff failed to timely respond to defendants' amended counterclaim within twenty-one days of service, by August 29, 2016. Defs.' Appl.; Fed. R. Civ. P. 12(a)(1)(B). The Clerk entered default on September 2, 2016.

Plaintiff filed the current motion to set aside entry of default on September 10, 2016. Mot. Plaintiff claims he missed the deadline to submit an answer due to a "calendaring error." *Id.* at 2. Plaintiff further avers that, due to his prompt meet and confer efforts initiated soon after learning about the entry of default, defendants have agreed not to oppose plaintiff's motion. *Id.*

II.    STANDARD

A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other

---

[1] For simplicity's sake, plaintiff/counter-defendant is referred to throughout this Order as "plaintiff" and defendants/counter-claimants are referred to as "defendants."

2

party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*") (citing *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004) ("*Franchise Holding II")*). Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), the test is "more liberally applied" in the Rule 55(c) context. *Mesle*, 615 F.3d at 1091 n.1; *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment). Because the test described above is disjunctive, a motion to set aside the entry of default may be refused in the presence of any one of the three factors. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). The court therefore reviews each.

III.   ANALYSIS

Plaintiff argues its actions were not culpable, that it has a meritorious defense to defendants' counterclaims, and that setting aside the entry of default will not result in prejudice to the defendants. The court examines the three *Mesle* factors in turn and concludes that plaintiff in fact reacted promptly in light of the calendaring error and has met its burden to set aside the default.

A.   Culpability

A defaulting defendant acts "culpably" if it had notice of the lawsuit but intentionally declined to answer. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff* ex rel. *Breiner*, 532 U.S. 141, 147 (2001); *see also Broadcast Music, Inc.*, 2013 WL 6564309, at *2. "Intentional" conduct in this sense is "willful," "deliberate," or in "bad faith," rather than neglectful. *Knoebber* at 697–98. It means an "intention to take advantage of the opposing party, interference with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092. If the party's explanations for its default are all consistent with a willful or bad faith failure to respond, the court may refuse to set aside its default. *Knoebber* at 697–98 (collecting cases).

Here, plaintiff points to an administrative mistake—a "calendaring error"—of which it was unaware until defendants' application for entry of default. The speed with which

3

plaintiff responded to the entry of default supports plaintiff's claim that this was an unknowing mistake: the court entered default on September 2, plaintiff's counsel contacted defendants over the holiday weekend and offered to meet and confer on September 6, and plaintiff submitted the current motion along with the overdue answer on September 10.  *See* Pl.'s Answer, ECF No. 39; Mot. 2.  In light of plaintiff's earlier timely response to defendants' first answer and counterclaim, a response that remains substantially unchanged in plaintiff's proffered response to the amended counterclaim, the court finds no "willful," "deliberate," or "bad faith" conduct.  *See* ECF No. 40 at 5.  CBC has not acted culpably.

        B.        <u>Meritorious Defense</u>

Second, regarding a meritorious defense, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense."  *Mesle*, 615 F.3d at 1094.  This is not an "extraordinarily heavy" burden.  *TCI Grp.*, 244 F.3d at 700.

Here, plaintiff points to its complaint and its answer to defendants' initial counterclaim as the basis for its "meritorious defense."  Mot. 5.  Defendants' counterclaim seeks (1) a declaration of non-infringement of CBC's rights and (2) a declaration that CBC's rights in "Beach Blonde Ale" are invalid and unenforceable.  Am. Answer, ECF No. 36 at 10, 21.  Much of defendants' claim relies on the relative timing of CBC's and 3DB's first use of the mark.  *Id.* Plaintiff's complaint alleges creating the recipe for its beer in 2007, being issued a federal trademark for "Beach Blonde Ale" in 2008, and working to build the "Beach Blond Ale" brand for "more than half a decade."  Compl. 6.  Moreover, plaintiff's initial answer to defendants' counterclaim asserted numerous denials of allegations in the counterclaim, including those regarding the timing of CBC's use of the mark.  Pl.'s Answer, ECF No. 29.  Finally, plaintiff's answer asserts affirmative defenses that, if proven, would undermine defendants' allegations made in the counterclaim, such as abandonment of rights, laches, waiver, acquiescence, and estoppel.  Pl.'s Answer, ECF No. 29 at 12-13.  Thus, CBC has a meritorious defense sufficient to support its motion.  The defenses asserted in CBC's answer to the amended counterclaim, which

will be deemed filed upon granting of the motion to set aside entry of default, are consistent with the defenses identified in the initial answer and so do not alter this conclusion.  *See* ECF No. 39.

    C.    <u>Prejudice</u>

Lastly, the court may refuse to set aside the entry of default if doing so would prejudice defendants' case.  "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."  *TCI Grp.*, 244 F.3d at 701.  Only tangible harm, such as the loss of evidence, complication of discovery, or the risk of fraud or collusion, will support the denial of a motion to set aside the entry of default.  *Id.*  A plaintiff is not prejudiced if forced only to litigate the merits of his case.  *Id.*

Here, plaintiff argues delay will not impair defendants' ability to pursue their claims.  The delay caused by plaintiff's error is minimal and does not affect the other dates in the case schedule.  *See* Status Order, ECF No. 30.  Defendants' lack of opposition to plaintiff's motion further supports plaintiff's claim that no prejudice results.  Defendants will not be prejudiced by the granting of plaintiff's motion.

IV.    <u>CONCLUSION</u>

CBC's motion to set aside the entry of default is GRANTED.  As a result, CBC's request that the court accept its Answer to Counterclaim is also GRANTED and the Answer is deemed filed.

This order resolves ECF No. 40.

IT IS SO ORDERED.

DATED: November 17, 2016.

_____
UNITED STATES DISTRICT JUDGE